# UNITED STATES DISTRICT COURT

for the

**WESTERN** District of **Missouri**

**Central** Division

| | |
|---|---|
| **Alan Clark** | Case No. **25-CV-04018-SRB** |
| *Plaintiff(s)* | *(to be filled in by the Clerk's Office)* |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | |
| -v- | |
| **Earl D. Scott et al** | |
| *Defendant(s)* | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)* | |

## SUPPLEMENTED AND AMENDED VERIFIED
## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name  *Alan Clark*

All other names by which
you have been known:

ID Number

Current Institution

Address

| | | |
|---|---|---|
| *City* | *State* | *Zip Code* |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

Name  *Earl Scott*

Job or Title *(if known)*

Shield Number

Employer

Address

| | | |
|---|---|---|
| *City* | *State* | *Zip Code* |

[X] Individual capacity    [ ] Official capacity

Defendant No. 2

Name  *See Attached Sheets*

Job or Title *(if known)*

Shield Number

Employer

Address

| | | |
|---|---|---|
| *City* | *State* | *Zip Code* |

[ ] Individual capacity    [ ] Official capacity

Defendant No. 3

    Name                         _____

    Job or Title *(if known)*      _____

    Shield Number            _____

    Employer                     _____

    Address                     _____

                              *City*         *State*         *Zip Code*

          ☐ Individual capacity    ☐ Official capacity

Defendant No. 4

    Name                         _____

    Job or Title *(if known)*      _____

    Shield Number             _____

    Employer                     _____

    Address                     _____

                              *City*         *State*         *Zip Code*

          ☐ Individual capacity    ☐ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.     Are you bringing suit against *(check all that apply)*:

      ☐ Federal officials (a *Bivens* claim)

      ☒ State or local officials (a § 1983 claim)

B.     Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

    SEE ATTACHED VERIFIED AMENDED SUPPLEMENTED Complaint

C.     Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF MISSOURI
CENTRAL DIVISION

)

)

)

Alan Clark,
      Plaintiff,

)

V.                     Case No. 25-CV-04018-SRB

Earl D. Scott et al.,    )
      Defendants

)

VERIFIED AMENDED AND SUPLEMENTED COMPLAINT
FOR CIVIL RIGHTS VIOLATION AND FOR DAMAGES AND INJUNCTIVE RELIEF

I. Introduction

1. Comes Plaintiff Alan Clark Pro-Se, and files his first Verified Amended and Supplemented Complaint for civil rights violation for damages and injunctive relief under 42 USC §1983 alleging violations of his constitutional rights to receive medical care and is seeking injunctive relief and money dameges.

II. Jurisdiction

2. Jurisdiction of this Court is invoked pursuant to 28 USC §1331 in that this is a civil action arising under the Constitution of the United States.

3. Jurisdiction of the Court is invoked pursuant to 28 USC §1343(a)(3) in that this action seeks to redress the depr-ivation, under color of state law, of rights secured by Acts of Congress providing for equal rights of persons within the jurisdiction of the United States.

III. Parties

4. Plaintiff Alan Clark at all times relevant and is conf ined in the Jefferson City Correctional Center of the State of Missouri.

5. Defendant Earl D. Scott of Centurion Medical of Missouri who is the Medical director at the Jefferson City Correctional Center (JCCC) at all times relevant under Contract with Missouri Department of Corrections (MDOC) to provide medical care and services to Offender confined in JCCC, including Alan Clark.

6. Defendant Susan Hodges of Centurion Medical of Missouri who is medical care Physician at the Jefferson City Correctional Center (JCCC) at all times relevant and under contract with Missouri Department of Corrections (MDOC) to provide medical care ad services to Offenders confined in JCCC, including Alan Clark.

7. Defendant Howard Kessler of Centurion Medical of Missouri

who is medical care Physician at the Jefferson City Correctional
Center (JCCC) at all times relevant and under contract with
Missouri Department of Corrections (MDOC) to provide medical
care and services to Offenders confined in JCCC, including Alan
Clark.

8.   Defendant Carole Finney formerly of Corizon Medical
Care and currently of Centurion Medical of Missouri who was
infection control nurse at the Jefferson City Correctional Center
(JCCC) at all times relevant and under contract with Missouri
Department of Corrections (MDOC) to provide medical care and
services to offenders confined in JCCC, including Alan Clark.

9.   Defendant Paul Burris of Centurion Medical of Missouri
who Nurse Practioner at the Jefferson City Correctional Center
(JCCC) at all times relevant and under contract with Missouri
Department of Corrections (MDOC) to provide medical care and
services to Offenders confined in JCCC, including Alan Clark.

10. Defendant Ginger Wright of Centurion Medical of Missouri
who is Custodian of Records for Centurion of Missouri at the
Jefferson City Correctional Center (JCCC) at all times relevant
and under contract with the Missouri Department of Corrections
(MDOC) to provide medical care and services in the form of
allowing all offenders to view their medical records on demand,
including Alan Clark.

3

FACTS

VERIFIED FACTS OF FIRST AMENDED COMPLAINT

    **11.** On or about the 8th of July 2019 Plaintiff was placed in isolation and diagnosed by Health care provider Angel Linhardt as having scabies. See Exhibit A pg. 1.

    **12.** On or about the 16th of July 2019 Health care provider Linhardt issued a follow-up treatment of permetherin. See Exhibit A pg. 2.

    **13.** On or about the 30th July 2019 Plaintiff could still feel an intense, extreme itching, burning-stinging pain. Plaintiff could see little white dots popping out of his skin where the itching, burning and stinging was occurring.

    **14.** On or about August 5th, 2019 Plaintiff requested isolation, and the only was the Plaintiff was told he could isolate himself was to declare that he was experiencing psycolo-gical issues. Plaintiff did this because he did not want to pass his commutiable condition of ectomites to his cellmate, again or anyone else.

    **15.** On or about August 6th, 2019 the institutional mental health care provider came to evaluate plaintiff as to why he

requested isolation. Plaintiff informed the mental health care provider he did not have any mental health care needs, only that I was trying to isolate myself to get treatment for unsuccessfully treated ectomites. Exhibit B pg 2-3.

16. On or about the 6th of August 2019, Plaintiff on orders of the Mental health care provider was released from psyco-evaluation hold and was moved to a cell in JCCC infirmary medical unit to await medical care and examination.

17. On or about the 7th, August 2019 the plaintiff was seen by Earl D. Scott, who only viewed the plaintiff through the glass window of a door which was approximately three (3) feet away from the plaintiff. Where he told plaintiff you do not have scabies, and sent plaintiff back to general population.

18. On or about 3rd September 2019, plaintiff's condition was worsening and Plaintiff was to the point where the ectomite infestation was visible to the naked eye in the form white dots popping out of Plaintiff's skin in areas where Plaintiff was complaining of server itching stinging and burning of the skin. Plaintiff was seen by Dr. Scott a second time on September 3rd, 2019. Plaintiff and Defendant Scott had a disagreement about defendant Scott making a diagnosis by viewing plaintiff through a window making a diagnosis from three feet away without a physical examination.

5

Plaintiff then asked defendant Scott what the visible white
dot were popping out of plaintiff's skin? Defendant Scott did
not respond. See Exhibit    pg

19. On or about October 7th, 2019 plaintiff went to sick
call, and the medical care provider who examined plaintiff deter-
mined that plaintiff had symptoms of scabies and quarantined
plaintiff and prescribed pemethrin. A follow-up treatment was
issued on or about October 14th, 2019. See Exhibit A pg.

20. On or about November 13th, 2019 Plaintiff went to the
medical unit during sick call and stated he still suffered from
the same condition of ectomites. See Exhibit A pg. 8.5.

21. On or about 13th November 2019 health care provider
infection control nurse Carole Finney denied plaintiff had scabies
and moments later plaintiff was then examined by doctor Scott
in which he admitted plaintiff may have Cutaneous Mites. See
Exhibit A pg 5

22. On 13th of November 2019 after defendant Scott examined
Plaintiff stating plaintiff to have cutaneous mite, defendant
Scott did not render plaintiff any treatment or quarantine plain-
tiff as required by policy.

6

13. On or about June 10th, 2020 plaintiff went to medical complaining about the same visible rashes all over his body with little white dots popping out of his skin. See Exhibit A pg 1-27 and Exhibit B pg. 2-3.

14. On June 10th, 2020 Plaintiff was seen again by infection control nurse Carole Finney at approximately 1:30PM - 2:30PM plaintiff could be seen on medical unit camera in exam room A-106. See Exhibit B pg. 2-3.

15. On June 10th, 2020 at approximately 1:30 - 2:30 P.M. infection control nurse Finney while examining plaintiff for the above mentioned complaint in paragraph ¶13, defendant Finney used a green highliter to mark on plaintiff's skin and shined a Black Light on plaintiff's skin and upon doing so numerous little white dots on plaintiff's skin illuminated in places where server itching stinging and burning was occuring. See Exhibit B pg.2-3.

16. On June 10, 2020 during that 1:30 - 2:30 P.M. examination with defendant Finney after Finney observed the numerous white dots appearing, nurse Finney instructed another nurse to type in the computer on plaintiff's medical records the diagnosis excema instead of scabies, and no treatment was issued. See Exhibit A-7 pg. 2 .

7

17. On or about September 3rd, 2020 Plaintiff went to the institutional medical unit. The unresolved medical condition in paragraphs 11 thru 16. The plaintiff was assessed by Health care provider Terri Stone who determined that plaintiff had scabies.  See Exhibit A-1 pg. 3-6.

18. On September 3rd, 2020 Health care provider noted plain-tiff had severe pruritis from scabies. See Exhibit A pg. Health care provider Stone also prescribed Permetherin, Prednisone, and Coal Tar shampoo. See Exhibit A-1 pg. 3-6 .

19. On September 10th, 2020 a follow-up second treatment of Permehrin was issued to the plaintiff. Plaintiff explained the treatments was not working. See Exhinit A-1 pg. 6

20. On or about April 30th, 2021 plaintiff seen Health care provider Paul Burris for annual physical examination. At that time Health care provider Burris observed and diagnosed plaintiff with Crusted Scabies, and prescribed five tablets of Ivermectin, Hydoxyzine, and Permethrin. See Exhibit A pg's. 23-27

21. On or about April 30th, 2021 after the physical examina-tion with Health care provider Burris he did not quarantine plaintiff or follow-up with plaintiff after making his diagnosis.

8

22. On or after April 30th, 2021 plaintiff's physical with health care provider Burris, the plaintiff was only issued the medication of Hydroxzine, which is only to control the itching and burning not treat and cure the ectomites. The health care providers at the med pich-up window informed plaintiff they would not give plaintiff any of the other medications. See Exhibit A pg. 22-23 .

23. On or about June 28th, 2021 plaintiff was seen by Health care provider Susan Hodges who found plaintiff had a continued generalized rash that had been worsening s, she found the rash was crusted and was on the plaintiff's fingers, ankels, toes chest, scalp and back. She noted that she observed plaintiff's medical records to reflect plaintiff used permethrin multiple times without continued result. Health care provider Hodges diagnosed plaintiff with Crusted Scabies. See Exhibit A pg.

24. On or about June 28th, 2021 Health care provider Hodges placed plaintiff on quarantine till on or about July 22nd, 2021, and treated plaintiff with Ivermectin, Permetherin, and Coal Tar shampoo. See Exhibit A pg.           .

25. On July 12th, 2021 Health care provider Hodges conducted a 4 millimeter punch biopsy of the plaintiff's skin in an area of one of the rashes. See Exhibit A pg. 9-10 .

9

26. On July 12th, 2021 Health care provider Hodges did not perfor a skin skrape test over areas of the rashes where white dots popped out of plaintiff's skin.

27. On or about June 28th thru July 22nd of 2021, Health care provider Hodges did not instruct institutional staff to give plaintiff cleaning suplies or to was and disinfect the plaintiff's clothing and bedding according to polces of published standards of care IS11-14.1 and IS11-17.

28. After July 22nd, 2021 thru December 19th, 2021 plaintiff would verbally complain to medical care provider Hodges that the treatments had not worked and plaintiff was still suffering from the same medical condition. Medical care provider would not respond to plaintiff's verbal complaints to her.

29. On or about January 5th, 2022 plaintiff complained of his rash that had been previously diagnosed as scabies. Plain- tiff went on hungerstrike to obtain treatment. See Exhibit A pg's

30. On or about January 21st, 2022 the plaintiff and Health care provider Hodges and Deputy Warden Raina Martin reached an agreement which included medical treatment foplaintiff's previously diagnosed condition and plaintiff ended his hunger

strike pending treatment. Plaintiff was prescribed Selenium
Sulfide lotion to treat the ongoing infection. Medical care
provider Hodges did not refer plaintiff to see. Exhibit A
pg's.

31. On or about July 10th, 2023 plaintiff went on another
hungerstrike to obtain treatment for the same untreated medical
condition. See Exhibit A pg's

32. On July 11th, 2023 plaintiff sent a letter to medical
care provider Hodges informing her of his uncured ongoing condi-
tion Ehibit A pg. /3 .

33. On or about July 12th, 2023 during the examination
cunducted by Howard Kessler of the plaintiff he observed rashes
on plaintiff's lefty sholder, left arm and right hand. See
Exhibit A pg 99-29. 18-19.

34. On or about July 12th, 2023 during the examination
conducted by defendant Kessler of the plaintiff he also observed
Dryness with minor flaking, one dry circular plaque on the post-
erior left lower leg. See Exhibit A pg 99./8.

35. On July 12th, 2023 during the examination conducted
by defendant Kessler of the plaintiff, defendant Kessler stated

11

he went through the plaintiff's medical records, and he stated
he viewed plaintiff test conducted defendant Kessler mischar-
acterize the punch biopsy test as a skin scrape test.
See Exhibit A pg. ▪. 19

36. On or about July 12th, 2023 during defendant Kessler's
examination of plaintiff, the plaintiff corrected defendant
Kessler as to the fact that it was a punch biopsy test not a
skin scrape test. Plaintiff also told defendant Kessler a .03x
.03x.03 punch biopsy was the wrong test and a skin scrape test
was the proper test , to which defendant Kessler agreed.

37. On July 12th, 2023 plaintiff showed defendant Kessler
the white dots that was on plaintiff's skin, and defendant Hodges
stated those are hair folicles. These white dots are the same
white dots that Defendant Scott stated was possible Cutaneous
mite. See Exhibit A pg 11, Plaintiff told defendants Kessler
and Hodges he would not end the hungerstrike until he was treated.
See Exhibit A pg ▪. 19

38. On July 12th, 2023 during the plaintiff's examination
with defendant Kessler told plaintiff if he ended the hunger
strike he would treat plaintiff, and that he had to eat before

he could take the prescribed medication. See Exhibit A pg. ☒.18-19.

39. On July 12th, 2023 during defendant Kessler's examination
of plaintiff defendant Kessler ordered one (1) Ivermectin (3mg.)
tablet. Then in addition ordered one more Ivermectin tablet and
Lindane or similar lotion/ or cream which plaintiff never recieved.
See Exhibit A Pg. 18-19

40. On July 12th, 2023 defendant Kessler informed plaintiff
if the treatment was not effective there would be no more treat-
ments for plaintiff's complaints of a uncured previously diagnosed
condition. See Exhibit A pg. ☒18-19.

41. On July 12th, 2023 Kessler also did not order plaintiff
quarantined and bedding and clothing washed, but insturcted
plaintiff who was in Ad-Seg to wash his own clothing and begging
with no access to laundry detergent or hot water. See Exhibit
A pg. ☒18-19.

42. On or about July 2023 thru November 26th, 2023 defendant
Kessler did not do any follow-up appointments of the plaintiff
or his condition conplainted of or to see if the plaintiff received
prescribed medication or if the medication had worked. See Exhibit
A pg. ☒. 17-21

13

43. On or about November 27th, 2023 plaintiff was seen
by Registered Nurse Paul Burris who conducted a physical examina-
tion of plaintiff and noted rashes on the plaintiff's skin.
Plaintiff told Burris his on-going condition still exists. Medical
care provider Burris took no action to treat plaintiff. See
Exhibit A pg's. ▓▓▓22-23.

44. On or about December 4th, 2023 plaintiff sent a request
to view plaintiff's medical records to custodian of records
for Centurion of Jefferson City Correctional Center. No response
was given.

45. On or about January 5th, 2024 plaintiff sent a Health
Services Request Form asking for a copy of his medical records.
Exhibit A pg. 18.

46. On or about February 15th, 2024 Medical care provider
Custodian of Records at Jefferson City Correctional Center Ginger
Wright responded acknowldging (HSR) Health Services Request
sent for Medical Records. See Exhibit A pg. 19.

47. On or about March 4th, 2023 plaintiff replied to Health
Care Provider Wright on the letter she sent to plaintiff regarding
medical records. Plaintiff included the dates he would request

14

records on and plaintiff also requested to view his records
for additional information he may also request. See exhibit
A pg. 29

48. On or about March 15th, 2023 Custodian of Centurion
Records at (JCCC) Jefferson City Correctional Center sent plaintiff
a response to plaintiff's March 4th, 2023 reply stating "THEY
DO NOT DO MEDICAL RECORDS REVIEWS." Plaintiff could only have
access to his medical records if he paid for them. See Exhibit
A pg. 30

49. On or about June 19th, 2024 plaintiff had paid for
a copy of his medical records and had received them  See Exhibit
A pg. 30

50. On or about December 27th, 2024 plaintiff sent out
to a third party lawyer a package who sent the package to the
Center for Disease Control. The contents of the package was
specimens pulled from plaintiff's skin, to be identified by
C.D.C. plaintiff sent a sworn Affidavit and Declaration in support
of the specimens to be tested came from plaintiff's skin.
See Exhibit B.

51. On or about April 24th 2024 plaintiff file an Informal
Resolution Request (IRRR) Complaint against Centurion Medical

15

care providers. See Exhibit C and C-1.

52. The medical complaint filed on or about April 24th,
2024 contained issues that his previously diagnosed medical
condition has not been resolved because plaintiff's medical
condition still exist. In addition plaintiff added new issues
regarding use of previous ineffective treatments, requesting
to see a specialist or for plaintiff's family to pay for treatment
if contracted medical care providers continue to refuse to treat
plaintiff's condition. See Exhibit C and C-1.

53. On or about April 24th, 2024 plaintiff also raised
in his medical complaint (IRR) the issue that to serve his convic-
 ction under these conditions created by medical care providers
is unreasonable and a Eighth Amendment violation. See Exhibit
C and C-1.

54. On or about Fourty (40) days after May 24th, 2024
plaintiff inquired of classification staff as to the status
of the complaint, and was told there was no record of the
complaint nor was there a complaint tracking number in the
computer regarding the complaint.

16

55. On or about the time the plaintiff filed the complaint dated May 24th, 2024 plaintiff mailed a copy of the Medical (IRR) to family members with instructions to sent to the Office of Constituent Services.

56. On or about June 11th, 2024 Constituent Services Officer Tim Hartness sent the Complaint, Medical (IRR), to Jefferson City Correctional Center (JCCC) for processing which was received by Housing Unit Five (5) Classification Staff Derick Ebrus See Exhibit C-1.

57. On or about July 19th, 2024 Fourty (40) days after the date of June 11th, 2024, plaintiff requested a grievance to exhaust his medical complaint filed on June 11th, 2024 see Exhibit C-2.

58. On or about July 23rd, 2024 Classification Staffmember Derick Ebrus retured plaintiff his grievance and told plaintiff he would not be able to file the medical grievance. See Exhibit D.

59. On or about July 31st, 2024 plaintiff requested another (IRR) complaint because plaintiff wanted a response in writing as to why he was not allowed to exhaust his medical complaint

17

dated 4-24-2024 and 6-11-2024 which are the same complaints Exhibits C and C-1.

60. On or about August 14th, 2024 during caseworker open-door plaintiff asked classification staff about status of complaint and what the log number of the complaint was on the IRR complaint dated 7-31-2024. See Exhibit D-1.

61. On or about August 14th, 2024 plaintiff was told by classification staff the (IRR) complaint dated 7-31-2024 did not have a Complaint number entered into the grievance system.

62. On or about August 15th, 2024 plaintiff was called into the classification office of Housing Unit Five (5) and told by staff that he would not be able to file his medical complaint, which referenced an old complaint which was exahusted. See Exhibit D-1.

63. On or about 8-15-2024 plaintiff sent grievance officer Brock VanLoo a letter regarding preventing exhaustion of his medical complaint. Plaintiff also sent defendant VanLoo a Affidavit and Declaration in support of his letter inquiring as to why defendant VanLoo was instructing classification staff to prevent plaintiff from exhausting his medical (IRR) complaint. See Exhibits D-2 and D-3.

18

## VERIFIED AND SUPPLEMENTED COMPLAINT FACTS:

64.     On or about February 17th, 2020 defendant Earl
Scott wrote a Declaration stating that he did not direct Missouri
Correctional Officer Leland Burton to issue plaintiff a Conduct
Violation for seeking medical care. See Exhibit E-1 pg.6.

65.     On or about February 17th, 2020 defendant Earl
Scott has attempted to use complaints to mental health about
defendants failure to treat plaintiff's on-going condition as
a chilling effect on plaintiff's continual complaints to mental
health for assistance, and or any outside assistance because
defendants attempt to weaponize mental health and discredit
any complaints made by plaintiff. See Exhibit E pg 5.

66.     Plaintiff moves to incorporate by reference Document
119 of case number 19-CV-04231-SRB, Leland Burton and Derk
Pliska's Statments of Uncontroverted Material Facts with Declara-
 tions attached there to Exhibit F.

67.     On or about 2-10-2021 Leland Burton a correctional
Officer who was stationed in Jefferson City Correctional Center
medical unit on the date of November 12, 2019. See Exhibit F
Doc. 119-2 pg 1-2.

19

68.     On or about November 12, 2019 Leland Burton made
a declaration stating that plaintiff Alan Clark declared a medical
emergency. Defendant Scott told C/O Burton that the plaintiff
will not be seen by health care staff and issued C/O Burton
an Inner Office Communication (IOC) to give plaintiff a conduct
violation. See Exhibit F Doc. 119-2 pg. 1-2.


69.     On or about November 15, 2019 Jefferson City Correc-
tional Center Disciplinary Hearing Officer Derek Pliska made
a declaration stating he was the disciplinary hearing officer
for the conduct violation issued by C/O/ Burton. (DHO) Pliska
found plaintiff guilty. See Doc. 119-4 pg. 1-2.


70.     On or about 1-14-2025 plaintiff was called to medical.
Upon arrival plaintiff waw given an annual physical examination
by defendant Scott.


71.     On 1-14-2025 during the examination plaintiff told
defendant Scott that he still suffers from the same issue since
2019, which was never fully treated to end the condition.


72.     On 1-14-2025 during the examination in paragraph
71, of the plaintiff, defendant Scott told plaintiff take off
his shirt. Plaintiff was able to pop small white circular dots
from under his skin.


20

73.     These small white circular dots are the same type of specimens defendant Scott said was possible Cataneous Mites in paragraph 21 of pg. 6.

74.     On 1-14-2025 plaintiff requested to Defendant Scott he wanted to be seen by a specialist and placed in the infirmary until the issue was resolved and totally eradicated.

75.     On 1-14-2025 defendant Scott told plaintiff that he could not go to the infirmary for quarantine and if plaintiff wanted to be seen for the long time issue of ecto mites, the physical examination was not the place to address this and to file a Health Services Request form to be seen at another time on this complaint.

76.     On 1-14-2025 plaintiff told defendant Scott about the punch biopsy, and defendant Scott said there will be no further treatment because of the punch biopsy.

## CLAIMS FOR RELIEF

A.

FAILURE TO TREAT PLAINTIFF'S ON-GOING MEDICAL NEEDS
AMOUNTING TO A DELIBERATE INDIFFERENCE IN VIOLATION
OF PLAINTIFF'S EIGHTH AND FOURTEENTH AMENDMENT RIGHTS.

77█. Failure of defendant Scott to follow a continued ineffective course of treatment without consulting a specialist was deliberate indifference.

78. Actions of defendant Scott to allow plaintiff's condition of Ecto Mite infection to persist for six (6) years after he was placed on notice in the last interaction with plaintiff was deliberate indifference.

79. Failure of defendant Scott to treat plaintiff and not medically isolate plaintiff for what medical records show what is an on-going known infection is a deliberate indifference.

80. Defendant Scott's terminating further treatment without arrangements for continued care is a deliberate indifference.

81. Defendant Scott's failure to properly guard against contagious, infectious, or communicable diseases or the spread by plaintiff is a deliberate indifference.

82.     Defendant Scott knowingly made false statements and Affidavits or Declarations in connection of the practice of his duties, which was a deliberate indifference.

83.     Defendant Scott knew plaintiff had and complained of still having communicable disease that would progressively get worse and his failure to take action is deliberate indifference.

84.     Defendant Hodges persisted in a known ineffective course of treatment which was a deliberate indifference.

85.     Defendant Hodges failure to consult a specialist for physical examination and treatment after she knowingly diagnosed plaintiff's condition which persisted was deliberate indifferance.

86.     Defendant Hodges had knowledge the punch biopsy test would not show infection over large area of plaintiff's body. Defendant used knowingly the improper test to allege there was no infection which was a deliberate indifference.

87.     Defendant Kessler termination of plaintiff's futher medical treatment and failure to follow-up on plaintiff's condition was a deliberate indifference.

88.     Defendant Kessler's failure to refer plaintiff to infection specialist or dermentologist after plaintiff's records showed multiple diagnosis by medical care providers for the same condition was deliberate indifference.

89.     Defendant Finney's failure to document plaintiff's known condition after ecto mites glowed under the black light test was a deliberate indifference.

90.     Defendant Burris failure to take action after he seen the plaintiff's rash after he had knowledge of plaintiff's recurring issue of ecto mites for six years was a deliberate indifference.

91.     Defendant VanLoo preventing plaintiff from filing a medical complaint to challenge refusal of medical care providers to treat his on-going condition inviolation of plaintiff's First Eighth and Fourteenth Amendment Rights was a deliberate indiff-
erence.

B.
FAILURE TO PROVIDE ADEQUATE MEDICAL CARE BY
FAILURE TO FOLLOW PUBLISHED MEDICAL CARE
GUIDELINES AND PERSISTING IN A KNOWINGLY
INEFFECTIVE COURSE OF TREATMENT AND FAILURE
TO CONSULT A SPECIALIST FOR TREATMENT.

24

92.     Defendant Scott failed to provide adequate medical when he knowingly persisted in a course of ineffective treatment and failed to follow published standards of care by denying Access to Care IS11-01; and failing to follow Infection Control Programs IS11-14.1 and failing to follow Ecto Parasite Control IS11-17.

93.     Defendant Hodges failed to provide adequate medical care when she knowingly persisted in a course of treatment records show was ineffective, and she failed to follow published standards of care by denying Access to Care IS11-01; and failing to follow Infection Control Programs IS11-14.1; and failing to follow Ecto Parasite Control IS11-17.

94.     Defendant Kessler failed to provide adequate medical when he persisted in a course of treatment records showed was ineffective. Defendant Kessler failed to follow published standards of care when he failed to quarantine plaintiff and clean clothing and bedding, in violation of Infection control policy IS11-14.1 and Ecto Parasite Policy IS11-17.

95.     Defendant VanLoo's failure to follow policy D5-3.2 of the Missouri Department of Corrections Grievance Procedure by denying access to grievance procedure by failing to accept filings

25

in compliance with the rules of the grievance procedure.

96.    Defendant Wright's denial of plaintiff's right
to view and access his medical records without first paying
for them interfered with his constitutional right to seek medical
care.

C.
RETALIATION FOR SEEKING MEDICAL CARE
IN VIOLATION OF PLAINTIFF'S EIGHTH AND
FOURTEENTH AMENDMENT RIGHTS.

97.    Defendant Scott instructed C/O Leland Burton to
issue plaintiff a conduct violation for declaring a emergency
medical attention attempting to seek medical care.

98.    Defendant Scott has also used statements to mental
health by plaintiff when plaintiff complained of his medical
condition. This was used as leverage by Defendant Scott to chill
defendants pursuit for medical treatment, inthat, defendant
Scott would have mental health believe plaintiff's allegations
was not true, which mental heath examiner wrote a report that
plaintiff appeared delusional, leaving an option for forced
control medications.

D.

RELIEF REQUESTED

WHEREFORE, Plaintiff requests that this Horable Court grant the following relief:

A. Declare that defendants Scott, Hodges, Kessler, Burris, and VanLoo violated plaintiff's Eighth Amendment right when they intentionally denied plaintiff's serious meal need.

B. Declare that defendant Scott retaliated against plaintiff for seeking medical care in violation of plaintiff's Eighth and Fourteenth Amendment Rights.

C. Declare defendants Finney and Wright interfered with plaintiff obtaining medical care in violation of plaintiff's Eighth and Fourteenth Amendment Rights.

D. Issue an injunction requiring defendants to treat plaintiff and consult with infection control dermentologist in this field of practice.

E. Declare plaintiff's continued incarceration under these conditions is unconstitutional and places plaintiff under a significant hardship and is in violation of his ht to be free from crule and unusual punishment.

F.   Award compensatory Damages for plaintiff suffering
physical and emotional injuries, and punitive damages against
each defendant, and

G.   Grant plaintiff such relief as it may appear plaintiff
is entitled to.


_____

Alan Clark 516684
Jefferson City Mo. Corr. Cent.
8200 No More Victims Rd.
Jefferson City, Mo. 65101

## VERIFICATION OF COMPLAINT

## AFFIDAVIT/DECLARATION

I, Alan Clark swear under the penalty of perjury the above mentioned facts and complaint are true and correct to the best of my knowledge and belief, and I attest to their truthfulness. On this 20th of June 2025.

_____

Alan Clark

_____

Notery

EXHIBIT INDEX

EXHIBIT A Medical records 1-27

 EXHIBIT A-1 Medical Records 1-6

EXHIBIT B AFFIDAVIT/DECLARATION TO C.D.C.


EXHIBIT C IRR Medical Complaint


EXHIBIT C-1 Grievance medical Complaint sent by Constituent Services


EXHIBIT C-2 Grievance to exhaust exhibits C & C-1


EXHIBIT D Returned Medical complint 7-19-24


EXHIBIT D-1 IRR on Returned Medical Complaint Exhibit D.


EXHIBIT D-2 Letter to Greievace Offcer.


EXHIBIT D-3 Affidavit/DECLARATION In support of letter ex. D- 2


EXHIBIT E Scott old responce in case ç19-CV-04231-SRB


EXHIBIT E-1 Scott's Declaration in support of Ex. E


EXHIBIT F Document 119 of case !9-CV-04231-SRB

```
DOC ID     OFFENDER
00516684  ALAN CLARK
MSR DATE    TIME    COMPLAINT   *********************************************
07/08/2019 01:04 P SCABIES
```

NURSE ENCOUNTER APPOINTMENT DATE  07/08/2019  TIME 01:00 P SHOW UP Y    JCCC

| SUBJECTIVE | |
|---|---|
| LOCATION OF SYMPTOMS:  SCALP, ARMS, HANDS, BACK, GROIN, | 20190708 132143 |
| UPPER LEGS | 20190708 132143 |
| DURATION:  1 WEEK | 20190708 132143 |
| PREVIOUS HISTORY/TREATMENT | 20190708 132143 |
| Y (Y/N) ITCHING | 20190708 132143 |
|     DESCRIBE:  "I FEEL LIKE MY SKIN IS CRAWLING."_____ | 20190708 132143 |
| OBJECTIVE | |
| __ (Y/N) PULSE >100 | 20190708 132143 |
| IF YES, HAVE PATIENT REST AND REPEAT PULSE | 20190708 132143 |
|     RESULT | 20190708 132143 |
| __ (Y/N) BLOOD PRESSURE >140 SYSTOLIC OR >90 DIASTOLIC | 20190708 132143 |
| IF YES, COMPLETE ELEVATED BLOOD PRESSURE PROTOCOL | 20190708 132143 |
| AFFECTED AREA: | 20190708 132143 |
| __ (Y/N) GROUPED PAPULES, NODULES OR BURROWS CHARACTERIZED | 20190708 132143 |
|     ON THE WEBS OF THE FINGERS, WRISTS, ELBOWS, KNEES, | 20190708 132143 |
|     AXILLA, THIGHS, OR HEAD OF PENIS. | 20190708 132143 |
| N (Y/N) SECONDARY PARTICLES OR CRUSTS DUE TO BACTERIAL | 20190708 132143 |
|     INFECTION. | 20190708 132143 |
| ASSESSMENT | |
| SYMPTOMS OF SCABIES | 20190708 132143 |
| PLAN | |
| REFER TO PROVIDER: | 20190708 132143 |
| Y (Y/N) SIGNS OF INFECTION | 20190708 132143 |
| Y (Y/N) SCABICIDE TREATMENT REQUIRES PRESCRIPTION.  CONTACT | 20190708 132143 |
|     PROVIDER FOR ORDERS. | 20190708 132143 |
| N (Y/N) IF PATIENT IS PREGNANT | 20190708 132143 |
| N (Y/N) HIV POSITIVE/IMMUNOCOMPROMISED | 20190708 132143 |
| NURSING INTERVENTION: | 20190708 132143 |
| N (Y/N) OBSERVE PATIENT APPLY SCABICIDE AND ASSIST WITH | 20190708 132143 |
|     APPLICATION TO BACK | 20190708 132143 |
| Y (Y/N) NOTIFY FACILITY STAFF FOR CLEAN CLOTHING, BEDDING | 20190708 132143 |
|     AND DECONTAMINATION, TO BE DONE PRIOR TO TREATMENT | 20190708 132143 |
| Y (Y/N) BEDDING AND CLOTHING MUST BE BAGGED AND SENT TO | 20190708 132143 |
|     LAUNDRY | 20190708 132143 |
| Y (Y/N) CELLMATE SHOULD BE EXAMINED AND TREATED | 20190708 132143 |
| Y (Y/N) INSTRUCT PER PATIENT EDUCATION | 20190708 132143 |
| N (Y/N) NO WORK IN KITCHEN UNTIL AFTER RE-TREATMENT, IF A | 20190708 132143 |
|     KITCHEN WORKER NEEDS A LAYIN FOR 10 DAYS | 20190708 132143 |
| FOLLOW-UP: | 20190708 132143 |
| Y (Y/N) SCHEDULE TO RETURN FOR RE-TREATMENT IN 7 DAYS, | 20190708 132143 |
|     DECONTAMINATION NEEDS TO BE DONE AGAIN BEFORE | 20190708 132143 |
|     RE-TREATMENT | 20190708 132143 |
| Y (Y/N) RETURN IF SIGN OF INFECTION | 20190708 132143 |
| Y (Y/N) RETURN IF SYMPTOMS PERSIST LONGER THAN 72 HOURS | 20190708 132143 |
| Y (Y/N) RETURN IF NEW RASH DEVELOPS WITH TREATMENT | 20190708 132143 |
| Y (Y/N) REFER INFORMATION TO SITE INFECTION CONTROL NURSE | 20190708 132143 |

EXHIBIT

A

DOC ID    OFFENDER
00516684   ALAN CLARK
***** PLAN CONTINUATION FROM PREVIOUS PAGE *****
  Y (Y/N) VERBALIZES UNDERSTANDING OF CARE AND INSTRUCTION          20190708 132143
                                                                    20190708 132143
  REFERRED TO SCHERR, APRN.   ORDER FOR PERMETHRIN CREAM AND        20190708 132143
  SCABIES TX.   HU4 NOTIFIED.                                       20190708 132143

NURSE     ACL001JC    ANGEL C LINHARDT

**SPECIFIC CHARTING INFORMATION**
07/08/2019
  Nurse encounter MSR filed                                         20190708 130539

MSR DATE   TIME    COMPLAINT  *********************************************
07/10/2019 07:15 A 2ND SCABIES TREATMENT

NURSE ENCOUNTER APPOINTMENT DATE  07/16/2019  TIME 09:00 A SHOW UP Y    JCCC
OBJECTIVE
  PERMETHERIN CREAM ISSUED                                          20190716 180800

NURSE     ACL001JC    ANGEL C LINHARDT

**SPECIFIC CHARTING INFORMATION**
07/15/2019
  Nurse encounter MSR filed                                         20190710 071610
07/16/2019
  Rescheduled Nurse appointment                                     20190715 125546

MSR DATE   TIME    COMPLAINT  *********************************************
08/05/2019 09:28 P SEGREGATION INITIAL EVALUATION

NURSE ENCOUNTER APPOINTMENT DATE  08/05/2019  TIME 09:15 P SHOW UP Y    JCCC
SUBJECTIVE
  n (Y/N) DENIES COMPLAINTS                                         20190805 213241
  y (Y/N) MEDICAL COMPLAINTS  I still have scabies. They are        20190805 213241
  driving me up the wall. That's why I'm in suicide cell.          20190805 213241
    (Y/N) DENIES COMPLAINTS                                         20190805 213241
    (Y/N) MEDICAL COMPLAINTS                                        20190805 213241
  0915pm In 8H suicide cell                                         20190805 215207
OBJECTIVE
  BP 110/074 PL082 RS012 TP0968 WT000 BS000 PF000   98%RM AIR       20190805 213241
  y (Y/N) ALERT & ORIENTED                                          20190805 213241
  y (Y/N) COOPERATIVE                                               20190805 213241
  n (Y/N) CONFUSED, DISORIENTED                                     20190805 213241
  n (Y/N) TEARFUL AND DESPONDENT                                    20190805 213241
  n (Y/N) HOSTILE/ANGRY                                             20190805 213241
  n (Y/N) MANIC BEHAVIOR                                            20190805 213241
  y (Y/N) TRACKS WITH EYES                                          20190805 213241
  y (Y/N) RESPONDS TO VERBAL STIMULI                                20190805 213241
  y (Y/N) SPEECH CLEAR                                              20190805 213241
  y (Y/N) ABLE TO MOVE ALL EXTREMITIES                              20190805 213241
  y (Y/N) AMBULATORY                                                20190805 213241

DOC ID     OFFENDER
00516684   ALAN CLARK

SPECIFIC CHARTING INFORMATION
08/05/2019
 Nurse encounter MSR filed
                                                        20190805 212916

MSR DATE    TIME    COMPLAINT  ***********************************************
08/06/2019 07:59 A MH - NON-CONTACT NOTE

SPECIFIC CHARTING INFORMATION
08/06/2019
 Technician/MH  encounter MSR filed
                                                        20190806 075929

MSR DATE    TIME    COMPLAINT  ***********************************************
08/06/2019 01:53 P MH - SUICIDE INTERVENTION

SPECIFIC CHARTING INFORMATION
08/06/2019
 Technician/MH  encounter MSR filed
                                                        20190806 135354

MSR DATE    TIME    COMPLAINT  ***********************************************
08/07/2019 11:08 A SUICIDE WATCH/PADDED CELL CHECK

NURSE ENCOUNTER APPOINTMENT DATE  08/07/2019  TIME 08:00 A SHOW UP Y     JCCC
SUBJECTIVE
 Y (Y/N) DENIES COMPLAINTS                              20190807 111051
 Y (Y/N) MEDICAL COMPLAINTS                             20190807 111051
 "I THINK I HAVE SCABIES AGAIN. I ITCH EVERYWHERE"      20190807 111051
OBJECTIVE
 Y (Y/N) ALERT & ORIENTED                               20190807 111051
 Y (Y/N) COOPERATIVE                                    20190807 111051
 N (Y/N) CONFUSED, DISORIENTED                          20190807 111051
 N (Y/N) TEARFUL AND DESPONDENT                         20190807 111051
 N (Y/N) HOSTILE/ANGRY                                  20190807 111051
 N (Y/N) MANIC BEHAVIOR                                 20190807 111051
 Y (Y/N) TRACKS WITH EYES                               20190807 111051
 Y (Y/N) RESPONDS TO VERBAL STIMULI                     20190807 111051
 Y (Y/N) SPEECH CLEAR                                   20190807 111051
 Y (Y/N) ABLE TO MOVE ALL EXTREMITIES                  20190807 111051
 Y (Y/N) AMBULATORY                                     20190807 111051
 Y (Y/N) STEADY GAIT                                    20190807 111051
 Y (Y/N) SKIN COLOR  NO OPEN OR RED AREAS NOTED.        20190807 111051
 N (Y/N) SIGNS OF TRAUMA                                20190807 111051
 N (Y/N) SELF-INJURIOUS BEHAVIOR (IF BANGING HEAD,      20190807 111051
         PROCEED TO HEAD INJURY PROTOCOL)               20190807 111051
         IF YES, DESCRIBE:                              20190807 111051
 PATIENT REMAINS ON SUICIDE WATCH UNDER CAMERA OBSERVATION.  20190807 111051
 KEVLAR GOWN ON. NO OTHER CONCERNS VOICED.              20190807 111051
ASSESSMENT
 SUICIDE WATCH/PADDED CELL CHECK                        20190807 111051
 .                                                      20190807 111051
PLAN

DOC ID      OFFENDER
00516684  ALAN CLARK
***** OBJECTIVE CONTINUATION FROM PREVIOUS PAGE *****
ON THE DORSUM OF THE RT FOOT. SKIN IS DRY.
ASSESSMENT                                                           20190807  154800
STATUS OF PATIENT
STABLE.                                                              20190807  154800
                                                                     20190807  154800
                                                                     20190807  154800
FOLLICULITIS, SHOULDERS, MILD                                        20190807  154800
ECZEMATOID DERMATITIS, RT FOOT, DORSUM                               20190807  154800
PLAN
MINOCYCLINE HCL 100MG CAP
1 PO BID WITH FOOD                                                   20190807  154654
007        14                                                        20190807  154654
HYDROCORTISONE  1% 30G OINTMENT                                      20190807  154654
AAA AND RUB IN BID PRN                                               20190807  154654
030        1 TUBE                                                    20190807  154654
TREATMENT PLAN                                                       20190807  154654
                                                                     20190807  154800
MINOCYCLINE 100 MG PO BID X 7 DAYS                                   20190807  154800
                                                                     20190807  154800
HYDROCORTISONE OINTMENT AAA BID AND RUB IN PRN (FOOT)                20190807  154800
                                                                     20190807  154800
F/U WITH PROVIDER IN APPROX 1 WEEK.                                  20190807  154800
                                                                     20190807  154800
F/U SOONER IF SX INC, CHANGE OR PERSIST VIA HSR/SELF                 20190807  154800
DECLARATION FOR FURTHER EVAL AND TREATMENT.                          20190807  154800
                                                                     20190807  154800

DOCTOR      EDS000JC    EARL D SCOTT

SPECIFIC CHARTING INFORMATION
08/07/2019
Doctor/Dentist encounter MSR filed
                                                                     20190807  154204
MSR DATE    TIME    COMPLAINT  ************************************************
08/30/2019 08:47 A NON CONTACT- MEDICATION RENEWAL

DOCTOR ENCOUNTER APPOINTMENT DATE   08/30/2019   TIME 09:00 A SHOW UP Y    JCCC
SUBJECTIVE
NON CONTACT MED RENEW
PLAN                                                                 20190830  084956
HYDROCORTISONE  1% 30G OINTMENT
AAA AND RUB IN BID PRN                                               20190830  084850
180        01                                                        20190830  084850
                                                                     20190830  084850

DOCTOR      TAD000MD    TERESA A DISTLER

PRESCRIPTION MEDICATION
08/30/2019  HYDROCORTISONE  1% 30G OINTMENT
DOSAGE      AAA AND RUB IN BID PRN
            UNITS 01                STOCK  N

DOCTOR      TAD000MD    TERESA A DISTLER

DOC ID    OFFENDER
00516684  ALAN CLARK
***** OBJECTIVE CONTINUATION FROM PREVIOUS PAGE *****
 UNRESOLVED                                                    20191019 203804
PLAN
 RETURN HSR PRN                                               20191019 203804

NURSE      MSW002JC    MASONDA S WHEATLEY

SPECIFIC CHARTING INFORMATION
10/19/2019
 Nurse encounter MSR filed                                    20191019 203745

MSR DATE    TIME    COMPLAINT  *********************************************
10/23/2019 11:06 A /G HURRISEAL

DOCTOR ENCOUNTER APPOINTMENT DATE   10/24/2019   TIME 07:30 A SHOW UP Y    JCCC
SUBJECTIVE
 PLANNED IMPRESSION                                           20191024 120522
ASSESSMENT
 PATIENT CONSENTS TO LOWER IMPRESSION FOR NG                  20191024 120522
PLAN
 COMPLETED NG LOWER IMPRESSION                                20191024 120522

DOCTOR     BMP001JC    BRYAN M POPE

SPECIFIC CHARTING INFORMATION
10/24/2019
 Doctor/Dentist encounter MSR filed                          20191023 110731

MSR DATE    TIME    COMPLAINT  *********************************************
11/13/2019 02:26 P OPC URGENT ENCOUNTER

DOCTOR ENCOUNTER APPOINTMENT DATE   11/13/2019   TIME 02:00 P SHOW UP Y    JCCC
SUBJECTIVE
 IVE GOT SCABIES. HAD THEM BEFORE.                            20191113 144346
OBJECTIVE
 BP 124/082 PL109 RS016 TP0987 WT165 BS000 PF000  92% BMI 24  20191113 144346
 LEGS. (STATES THAT THEY ARE IN HIS EARS AND NOSE; ASKING TO  20191113 144346
 BE QUARANTINED). NO TUNNELS OR MITES.                        20191113 144346
ASSESSMENT
 POSSIBLE CUTANEOUS MITE                                      20191113 144346
PLAN
 PERMETHRIN 5% TOPICAL CREAM                                  20191113 143814
 APPLY TO ENTIRE BODY (AVOID EYES, MOUTH AND GLANS PENIS) FOR 20191113 143814
 001       1                                                  20191113 143814
 PERMETHRIN CREAM 5% APPLY TO ENTIRE BODY X 24 HRS (AVOID EYE 20191113 144346
 S, GLANS PENIS AND MOUTH); SHOWER AFTER 24 HRS. OFF IS       20191113 144347
 PLEASED WITH PLAN. RETURN TO CLINIC IF SX INC, CHANGE OR     20191113 144347
 PERSIST. INFORMED OFF. THAT ITCHING AND BURNING MAY PERSIST  20191113 144347
 FOR WKS AND IF SO, WILL TREAT WITH PREDNISONE DOSEPAK.       20191113 144347
 THANKS.                                                      20191113 144347

DOCTOR     EDS000JC    EARL D SCOTT

DOC ID:   516684    ALAN CLARK                                    TIME: A/P
SICK CALL COMPLAINT                                                8:30   A
HUNGER STRIKE, 31 MISSED MEALS                                    MM/DD/CCYY
Nurse Id:  SAH001JC      SUSAN A HODGES                            1/21/2022


**Subjective**
PATIENT ON HUNGER STRIKE. STATES HE IS NOT GOING TO EAT         2022/01/21   133336
UNTIL HE GETS TO TALK TO SOMEONE ABOUT HIS VIOLATION BEING      2022/01/21   133336
DROPPED. DENIES DIZZINESS, OR PALPITATIONS. REPORTS            2022/01/21   133336
CONSTIPATION AND LESSENING AMOUNT OF URINE.                     2022/01/21   133336

**Objective**
BP 110/084 PL088 RS016 TP0988 WT156 BS000 PF000   93% O2 RA     2022/01/21   133336
                                                               2022/01/21   133336
CONSTITUTION: MALE IN NO ACUTE DISTRESS                        2022/01/21   133336
HEAD: NORMOCEPHALIC                                            2022/01/21   133336
NEURO: A&Ox3, SPEECH CLEAR                                     2022/01/21   133336
CV: RRR, NO EDEMA                                              2022/01/21   133336
RESP: CTAB, CAP REFILL <3 SECONDS, NO SHORTNESS OF BREATH OR   2022/01/21   133336
INCREASED WORK OF BREATHING                                    2022/01/21   133336
MUSC: GAIT STEADY, ROM GROSSLY INTACT                          2022/01/21   133336
INTEG: TONE WNL FOR PATIENT, REPORTS ITCHING                   2022/01/21   133336
ABD: BOWEL SOUNDS PRESENT x 4 QUADS, SOFT, NONTENDER,          2022/01/21   133336
NONDISTENDED                                                   2022/01/21   133336
                                                               2022/01/21   133336
POC GLUCOSE: 52                                                2022/01/21   133336
                                                               2022/01/21   133336
URINE DIP: MOD KETONES                                         2022/01/21   133336
                                                               2022/01/21   133336
1230: UPDATE---PT ATE LUNCH PER OFFICER REPORT                 2022/01/21   133336

**Assessment**
HUNGER STRIKE, 31 MISSED MEALS                                 2022/01/21   133336
                                                               2022/01/21   133336
HUNGER STRIKE DISCONTINUED                                     2022/01/21   133336

**Plan**
SELENIUM SULFIDE 2.5% LOTION                                   2022/01/21   133222
APPLY TO AFFECTED AREAS BID X 30 DAYS                          2022/01/21   133222
030         2 BOTTLES                                          2022/01/21   133222
MEDICATION:                                                    2022/01/21   133336
SELENIUM SULFIDE LOTION BID x 30 DAYS                          2022/01/21   133336
                                                               2022/01/21   133336
EDUCAITON:                                                     2022/01/21   133336
NEED TO MAINTAIN HYDRATION AND NUTRITION TO AVOID LONG TERM    2022/01/21   133336
EFFECTS OF HUNGER STRIKES ON THE BODY, VERBALIZED             2022/01/21   133336
UNDERSTANDING AND AGREEMENT.                                   2022/01/21   133336

*noted 1/21/22 @ 1930 gfladur*

```
INSTITUTION   JCCC
DOC ID  00516684  ALAN CLARK                        EXAM    MM DD YY
HEIGHT   5' 8"  WEIGHT    167  RACE  B  DOB:  2/26/76  04  30  21
                                                    AGE   45  M/F   M
```

                      **CCYY**
**HISTORY OF:**    _____  GC
MM/DD/YY           _____  SYPHILIS
05  23  18         _____  HIV+
                   _____  TB
                   _____  HEPATITIS
                   _____  SEIZURE DISORDER
                   _1996_  CHRONIC ILLNESS
                   _____  SURGICAL HISTORY
                   _____  SILICOSIS
                   _____  IMMUNOSUPPRESSANT THERAPY
                   _____  DIABETES
                   _____  GASTRECTOMY
                   _____  CANCER
                   MEDICAL EQUIPMENT(WHEELCHAIR,WALKER,BRACE,CANE,ETC.)

---

**INTERIM INVENTORY BY SYSTEM:**

HEAD:        _ HEADACHE      _ TRAUMA       _ SYNCOPE       X DENIES
             REMARKS HX OF CONCUSSION

EYES:        _ EYE STRIANS   _ DIPLOPIA     _ PHOTOPHOPIA   X DENIES
             GLASSES YES

EARS:        _ DEAFNESS      _ DISCHARGE    _ DIZZINESS     X DENIES
             REMARKS

SKIN:        _ ERUPTIONS     _ RASHES       _ JAUNDICE      _ DENIES
             REMARKS CRUSTED SCABIES

NOSE:        _ EPISTAXIS     _ SINUSITIS    _ OBSTRUCTION   X DENIES
             REMARKS

THROAT:      _ SORENESS      _ REDNESS      _ HOARSENESS    X DENIES
             REMARKS

RESPIRATORY: _ CHEST PAIN    _ HEMOPTYSIS   _ SPUTUM        _ DYSPNEA
             _ ASTHMA        X SMOKING      PACKS PER DAY _1.00_
             HOW MANY YEARS  30.00          _ EMPHYSEMA
             REMARKS

MUSCULOSKELETAL: FRACTURES   LEFT CLAVICLE, LEFT ARM, RIGHT HAND
             X JOINT PAIN    _ VARICOSITIES  _ PROSTHESES(SPECIFY)
             _ DENIES

CARDIOVASCULAR: _ PAIN       _ PALPITATION   _ EDEMA        _ TACHYCARDIA
             _ FAINTNESS     _ VERTIGO       _ HYPERTENSION _ CYANOSIS
             X DENIES    REMARKS

GASTROINTESTINAL: _ PAIN     _ NAUSEA        _ VOMITING     _ BELCHING
             _ FLATULENCE    _ CONSTIPATION  _ DIARRHEA     X DENIES
             COLOR OF STOOL  BROWN
             REMARKS

REPRODUCTIVE: FIRST MENSES   _____  LAST MENSES  _____
             PARA            _____  GRAVIDA      _____
             GYN PROBLEMS    _____

GENITOURINARY: _ DISCHARGE   _ SORES         FREQUENCY
             COLOR OF URINE  YELLOW-CLEAR                   _ HEMATURIA
             _ PAIN    REMARKS  DENIES

CLARK MR 007

JCCC      00516684  ALAN CLARK

**INTERIM INVENTORY BY SYSTEM:**

GENERAL:              _ FEVER          _ WEIGHT GAIN   _ WEIGHT LOSS _ APPETITE
                      REMARKS          _____
DRUG/ALCOHOL:         X DENIES
    (ABUSE ONLY)      _____

        TEST      MM DD YY    RESULT
EYE SCREEN         __ __ __   _____
HEARING SCREEN     __ __ __   _____
DENTAL EXAM        __ __ __   _____
PAP SMEAR          __ __ __   _____
CHLAMYDIA          __ __ __   _____
GC CULTURE         __ __ __   _____
HIV                __ __ __   _____
T.B. SKIN          __ __ __   _____
HEPATITIS          __ __ __   _____
SICKLE CELL        __ __ __   _____
RPR                __ __ __   _____
TETANUS GIVEN      __ __ __   _____
MISCELLANEOUS      __ __ __   _____

REMARKS            __ __ __   _____
                   __ __ __   _____

**PHYSICAL FINDINGS**
FIGURE:   X ERECT    _ DROOPED  **BUILD:**  _ SLENDER    X STOUT    _ OBESE
SKIN:  (RASHES,ERUPTIONS,DECUBITI,ETC.)
            MULTPLE CRUSTED SCABS TO BILATERAL ARMS AND LEGS
GLANDS:     NEGATIVE FOR LYMPHADENOPATHY, NEGATIVE THYROMEGALY
HEAD:       NORMOCEPHALIC
EYES:       PERRL, EOMI, NEGATIVE FOR ICTERUS
EARS:       BILAT TM WITHOUT REDNESS OR INFECTION
NOSE:       PATENT
MOUTH & THROAT: UNREMARKABLE, TONGUE NEGATIVE FOR VISIBLE LESIONS
HEART:    REGULAR   HRR                  MURMURS _____
          B.P.   122 / 84    PULSE  100
LUNGS:
          RALES OR OTHER ABNORMALITIES
          LCTA _____
ABDOMEN:
          HERNIA  NEGATIVE             GENITALIA  DECLINES
ARMS, HANDS, LEGS & FEET:
          DEFORMITIES  NEGATIVE        VARICOSITIES  NEGATIVE
          AMPUTATIONS  NEGATIVE
RECTAL:  _ HEMORRHOIDS  _ MASSES  _ FISTULA  _ TAGS
          REMARKS  DECLINES
REMARKS OR DIAGNOSIS:                        CLEARED FOR FOOD
ANNUAL PHYSICAL                                  SERVICES
_____         (Y/N) _
_____     ALLERGIC TO
_____        IODINE
_____         (Y/N) _
PHYSICIAN AND REGISTER NURSE ID NUMBER
          PHYSICIAN  PEB000MD     NURSE   X
          HX NURSE   X

STATE OF MISSOURI
DEPARTMENT OF CORRECTIONS
**INFORMED CONSENT**

| DATE |
| --- |
| 7-12-21 |

NAME OF OFFENDER: Clark, Allen

| DOC NUMBER | DATE OF BIRTH |
| --- | --- |
| 516684 | 2-26-76 |

NAME OF DOCTOR(S): Hodges

I HEREBY AUTHORIZE THE ABOVE NAMED DOCTOR(S) AND CORRECTIONAL MEDICAL SERVICES' EMPLOYEES AND AGENTS TO PERFORM THE FOLLOWING PROCEDURE(S):

Punch Biopsy, l) skin

RISKS WITH PROCEDURES: bleeding, scar

EXPECTED BENEFITS: diagnosis of chronic skin infection

I understand the above procedure(s) is/are necessary to treat my condition and has/have been fully explained. I also understand the nature of risks associated with the procedure(s).

I am aware the practice of medicine is not an exact science and I acknowledge no guarantees have been made as to the result of the procedure(s).

I sign this willingly and voluntarily in full understanding of the above.

| OFFENDER SIGNATURE | | WITNESS |
| --- | --- | --- |
| Allen Clark | | Su Hf SRB BC |

| DATE | TIME | | WITNESS |
| --- | --- | --- | --- |
| 7/12/21 | 0830 | ☑ A.M. ☐ P.M. | Saunders |

MST (1-00)

CORCMS JEFFERSON
8200 NO MORE VICTIMS RD
JEFFERSON CITY, MO  65101          DOB: 02/26/1976
(573) 751-3224  (U0318-7)
                    -FINAL- Original Report 07/19/2021

    CLARK, ALAN          516684          HODGES

304928227   07/12/2021 09:10 07/13/2021 14:04  Jul 20 2021 08:0345Y  M

Test Description       Result     Abnormal   Reference Range

---------------------------* MISCELLANEOUS *----------------------------

SKIN BIOPSY                BENIGN
            .. DERMATOPATHOLOGY REPORT ..
SURGICAL #:
  2896406
PATIENT ID:
  516684
SPECIMEN SOURCE:
  LEFT SHIN
SAMPLE:
  A. LEFT SHIN BIOPSY
DIAGNOSIS:
  A. SPONGIOTIC DERMATITIS.  SEE NOTE.

   NOTE: THE FINDINGS COULD BE SEEN IN BUT NOT LIMITED TO
   NUMMULAR DERMATITIS, ALLERGIC CONTACT DERMATITIS OR ID
   REACTION IN THE APPROPRIATE CLINICAL SETTING.  PAS STAIN IS
   NEGATIVE FOR FUNGAL ELEMENTS.  CLINICAL CORRELATION
   /FOLLOW-UP IS RECOMMENDED.  MULTIPLE LEVEL SECTIONS HAVE
   BEEN EXAMINED.  MULTIPLE LEVEL SECTIONS HAVE BEEN EXAMINED.
GROSS DESCRIPTION:
  A. RECEIVED IN FORMALIN AND LABELED WITH PATIENT
   IDENTIFICATION, CONSISTS OF ONE PIECE OF SOFT TAN SKIN
   MEASURING 0.3 X 0.3 X 0.3 CM.  THE SURGICAL MARGIN IS
   INKED.  THE SPECIMEN IS ENTIRELY SUBMITTED IN ONE CASSETTE.
MICROSCOPIC DESCRIPTION:
  A. SECTIONS SHOW SKIN WITH PSORIASIFORM EPIDERMAL HYPERPLASIA,
   PAPILLARY DERMAL FIBROSIS, SLIGHT SPONGIOSIS, AND BOTH
   COMPACT ORTHO AND FOCAL PARAKERATOSIS.  A SUPERFICIAL
   PERIVASCULAR AND LYMPHOCYTIC INFILTRATE IS PRESENT.
            ANDREW SEYMOUR, M.D.
            BOARD CERTIFIED DERMATOPATHOLOGIST, EX. 7252
            This report was electronically signed.

AFR060T
14:29:35
Department of Corrections
Medical Accountability Records System
Doctor Encounter Soap Notes
Page: 1
Date: 01/18/2022

DOC ID:    516684    ALAN CLARK
SICK CALL COMPLAINT
HUNGER STRIKE, 23 MEALS MISSED
Nurse Id: SAH001JC    SUSAN A HODGES

TIME: A/P
9:00  A
MM/DD/CCYY
1/18/2022

**Subjective**
PATIENT SEEN FOR HUNGER STRIKE. STATES HE IS BEING
FREE-CASED AND WANTS HIS VIOLATION DROPPED. STATES HE IS
ALSO CONCERNED THAT HE HAS SCABIES STILL.

| | |
|---|---|
| 2022/01/18 | 141347 |
| 2022/01/18 | 141347 |
| 2022/01/18 | 141347 |

**Objective**
120/72-86-16-97.1-99% O2 RA-162 LBS

CONSTITUTION: MALE IN NO ACUTE DISTRESS
HEAD: NORMOCEPHALIC
NEURO: A&Ox3, SPEECH CLEAR
CV: RRR, NO EDEMA
RESP: CTAB, CAP REFILL <3 SECONDS, NO SHORTNESS OF BREATH OR
INCREASED WORK OF BREATHING
MUSC: GAIT STEADY, ROM GROSSLY INTACT
INTEG: TONE WNL FOR PATIENT, NO RASH NOTED
ABD: BOWEL SOUNDS PRESENT x 4 QUADS, SOFT, NONTENDER,
NONDISTENDED

WEIGHT REVIEW
7/22/2021 178 LBS (LAST KNOWN)
1/30/2021 167 LBS

POC GLUCOSE 77

| | |
|---|---|
| 2022/01/18 | 141347 |
| 2022/01/18 | 141347 |
| 2022/01/18 | 141347 |
| 2022/01/18 | 141347 |
| 2022/01/18 | 141347 |
| 2022/01/18 | 141347 |
| 2022/01/18 | 141347 |
| 2022/01/18 | 141347 |
| 2022/01/18 | 141347 |
| 2022/01/18 | 141347 |
| 2022/01/18 | 141347 |
| 2022/01/18 | 141347 |
| 2022/01/18 | 141347 |
| 2022/01/18 | 141347 |
| 2022/01/18 | 141347 |

**Assessment**
HUNGER STRIKE, 23 MISSED MEALS

| | |
|---|---|
| 2022/01/18 | 141347 |

**Plan**
CONTINUE CURRENT TREATMENT

EDUCATION:
DISCUSSED NEED FOR NUTRITION AND HYDRATION MAINTENANCE,
SIDE EFFECTS OF NOT EATING AND POSSIBLE INTERVENTIONS FOR
SIDE EFFECTS. VERBALIZED UNDERSTANDING AND AGREEMENT.

| | |
|---|---|
| 2022/01/18 | 141347 |
| 2022/01/18 | 141347 |
| 2022/01/18 | 141347 |
| 2022/01/18 | 141347 |
| 2022/01/18 | 141347 |
| 2022/01/18 | 141347 |

Note 1-18-22 WH

```
DOC ID:   516684   ALAN CLARK                              TIME: A/P
SICK CALL COMPLAINT                                        8:30 A
HUNGER STRIKE, 31 MISSED MEALS                            MM/DD/CCYY
Nurse Id: SAH001JC     SUSAN A HODGES                      1/21/2022
```

**Subjective**

| | | |
|---|---|---|
| PATIENT ON HUNGER STRIKE. STATES HE IS NOT GOING TO EAT | 2022/01/21 | 133336 |
| UNTIL HE GETS TO TALK TO SOMEONE ABOUT HIS VIOLATION BEING | 2022/01/21 | 133336 |
| DROPPED. DENIES DIZZINESS, OR PALPITATIONS. REPORTS | 2022/01/21 | 133336 |
| CONSTIPATION AND LESSENING AMOUNT OF URINE. | 2022/01/21 | 133336 |

**Objective**

| | | |
|---|---|---|
| BP 110/084 PL088 RS016 TP0988 WT156 BS000 PF000  93% O2 RA | 2022/01/21 | 133336 |
| | 2022/01/21 | 133336 |
| CONSTITUTION: MALE IN NO ACUTE DISTRESS | 2022/01/21 | 133336 |
| HEAD: NORMOCEPHALIC | 2022/01/21 | 133336 |
| NEURO: A&Ox3, SPEECH CLEAR | 2022/01/21 | 133336 |
| CV: RRR, NO EDEMA | 2022/01/21 | 133336 |
| RESP: CTAB, CAP REFILL <3 SECONDS, NO SHORTNESS OF BREATH OR | 2022/01/21 | 133336 |
| INCREASED WORK OF BREATHING | 2022/01/21 | 133336 |
| MUSC: GAIT STEADY, ROM GROSSLY INTACT | 2022/01/21 | 133336 |
| INTEG: TONE WNL FOR PATIENT, REPORTS ITCHING | 2022/01/21 | 133336 |
| ABD: BOWEL SOUNDS PRESENT x 4 QUADS, SOFT, NONTENDER, | 2022/01/21 | 133336 |
| NONDISTENDED | 2022/01/21 | 133336 |
| | 2022/01/21 | 133336 |
| POC GLUCOSE: 52 | 2022/01/21 | 133336 |
| | 2022/01/21 | 133336 |
| URINE DIP: MOD KETONES | 2022/01/21 | 133336 |
| | 2022/01/21 | 133336 |
| 1230: UPDATE---PT ATE LUNCH PER OFFICER REPORT | 2022/01/21 | 133336 |

**Assessment**

| | | |
|---|---|---|
| HUNGER STRIKE, 31 MISSED MEALS | 2022/01/21 | 133336 |
| | 2022/01/21 | 133336 |
| HUNGER STRIKE DISCONTINUED | 2022/01/21 | 133336 |

**Plan**

| | | |
|---|---|---|
| SELENIUM SULFIDE 2.5% LOTION | 2022/01/21 | 133222 |
| APPLY TO AFFECTED AREAS BID X 30 DAYS | 2022/01/21 | 133222 |
| 030      2 BOTTLES | 2022/01/21 | 133222 |
| MEDICATION: | 2022/01/21 | 133336 |
| SELENIUM SULFIDE LOTION BID x 30 DAYS | 2022/01/21 | 133336 |
| | 2022/01/21 | 133336 |
| EDUCAITON: | 2022/01/21 | 133336 |
| NEED TO MAINTAIN HYDRATION AND NUTRITION TO AVOID LONG TERM | 2022/01/21 | 133336 |
| EFFECTS OF HUNGER STRIKES ON THE BODY, VERBALIZED | 2022/01/21 | 133336 |
| UNDERSTANDING AND AGREEMENT. | 2022/01/21 | 133336 |
| SELENIUM SULFIDE 2.5% LOTION | 2022/01/21 | 153104 |
| APPLY TO AFFECTED AREAS TWICE WEEKLY | 2022/01/21 | 153104 |
| 030       1 BOTTLE | 2022/01/21 | 153104 |
| UPDATED SELENIUM SULFIDE ORDER TO TWICE WEEKLY | 2022/01/21 | 153147 |

Infection Control_____
X-Ray_____
Nursing_____
Med Room_____
MH_____
Lab_____
Chronic Care_____
Scheduler_____
Noted By_____
Date_1-24-22_

CLARK MR 8012

Dr. Hoges

This is Alan Clark 516684. I am
Sending this Kite with Joe to give
to you. Lt. Williams said he would give
it to you for me but here is my
issue

I sent you about 3 kite and asked
for Medication to treat my ongoing
medical issue which you know my complant.
I asked for (1) Lindane (2) Scklice and (3)
Ivermeactin (4) a soap with scabicide medication
in it. (Permetherin does not work on me)

I am on hunger strike until this Issue is
fixed. What I need for you to do is get
these meds a give me a cell in T.C.U. until
I have been competely rid of this problem
This is only option to get me off Hunger Strike

Alan Clark 516684

CLARK MR  013

STATE OF MISSOURI
DEPARTMENT OF CORRECTIONS
**HEALTH SERVICES REQUEST**

TO BE COMPLETED BY HEALTHCARE STAFF ONLY

DATE RECEIVED BY HEALTHCARE STAFF          TIME RECEIVED BY HEALTHCARE STAFF

OFFENDER NAME (PLEASE PRINT)
Alan Clark

DOC NUMBER
5106684

INSTITUTION
JCCC

HOUSING UNIT (INCLUDE WING & ROOM NUMBER)
HU 7 A 101

WORK/SCHOOL SCHEDULE

I WISH TO BE SEEN BY (CHECK ONE):
☒ MEDICAL  ☐ MENTAL HEALTH  ☐ DENTAL  ☐ OTHER

COMPLAINT:
Skin Server itching stinging Dots popping out

OFFENDER SIGNATURE AND AUTHORIZATION TO TREAT
Alan Clark

INITIAL FOR RECEIPT OF OTC INSTRUCTIONS          DATE
7-10-23

**DO NOT WRITE BELOW THIS LINE - FOR HEALTHCARE STAFF USE ONLY**

| ☐ **EMERGENT** (SEE IMMEDIATELY) | | ☐ **URGENT** (SEE DURING SHIFT) | | ☐ **ROUTINE** (NEXT AVAILABLE SICK CALL) | |
|---|---|---|---|---|---|
| ☐ ADMINISTRATOR | ☐ DENTAL | ☐ DOCTOR SICK CALL | ☐ DON | ☐ LAB / X-RAY | |
| ☐ MED ROOM | ☐ MENTAL HEALTH | ☐ NURSE SICK CALL | ☐ OPTOMETRY | ☐ OTHER | |

TRIAGE STAFF NOTES:

TRIAGE STAFF SIGNATURE & TITLE
C. Walker

DATE TRIAGED
7/12/03

TIME TRIAGED
1400

☐ FACE-TO-FACE TRIAGE COMPLETED

HEALTHCARE STAFF NOTES:

Seen by
PMDr
NP Helps
reposta issn
doon
during
hunger strike
assumes

HEALTHCARE STAFF SIGNATURE
C. Walker

DATE
7-12-23

TIME
420

MO 931-1319 (2-18)

DOC ID:   516684   ALAN CLARK                              TIME: A/P
SICK CALL COMPLAINT                                         3:00  P
HUNGER STRIKE                                              MM/DD/CCYY
Nurse Id:  JMM010MD      JOSEPH M MEYSTRIK                  7/10/2023


**Subjective**
PATIENT STATES THAT HE IS ON A HUNGER STRIKE.  HE DENIES          2023/07/10   172932
OTHER COMPLAINTS OTHER THAN ITCHING AND STATES THAT HE DOES       2023/07/10   172932
NOT WANT PERMERTHRIN CREAM. HE WANTS SOMETHING ELSE FOR           2023/07/10   172932
SCABIES.                                                         2023/07/10   172932

**Objective**
PATIENT IS ALERT AND ORIENTED X3, ANSWERING QUESTIONS            2023/07/10   172932
APPROPRIATELY, WALKING IN CELL MOVING ALL EXTREMITIES.          2023/07/10   172932

**Assessment**
HUNGER STRIKE                                                   2023/07/10   172932

**Plan**
CONTINUE TO MONITOR UNTIL EATING.                              2023/07/10   172932


Infection control_____
X-Ray_____
Nursing_____
Med room_____
MH_____
Lab_____
Chronic care_____
Schedule_____
Noted by_____ Date  7/12/23

```
DOC ID     OFFENDER
00516684   ALAN CLARK
```

**\*\*\*\*\* PLAN CONTINUATION FROM PREVIOUS PAGE \*\*\*\*\***

| | |
|---|---|
| DATE, TIME AND NAME OF MH STAFF CONTACTED: | 20230703 113433 |
| Y_____ (Y/N) EDUCATION REGARDING HSR AND MEDICATION PROCESSES | 20230703 113433 |
| WHILE IN SEGREGATION SEGREGATION | 20230703 113433 |
| N/A__ (Y/N) KOP MEDICATIONS ISSUED | 20230703 113433 |
| IF YES, LIST MEDICATIONS ISSUED: | 20230703 113433 |
| N/A__ (Y/N) MAR PLACED IN APPROPRIATE BOOK/LOCATION FOR | 20230703 113433 |
| DOSE-BY-DOSE MEDICATIONS | 20230703 113433 |
| Y_____ (Y/N) REVIEW INDICATES THAT NO CONTRAINDICATIONS TO | 20230703 113433 |
| SEGREGATION PLACEMENT WERE NOTED | 20230703 113433 |
| . | 20230703 113433 |
| . | 20230703 113433 |

```
NURSE      DCJ000JC
```

**SPECIFIC CHARTING INFORMATION**

| | |
|---|---|
| 07/03/2023 | |
| Nurse encounter MSR filed | 20230703 113153 |
| 07/06/2023 | |
| NO  SIGNS OF TRAUMA | 20230706 133809 |
| NO  MEDICAL/MENTAL HEALTH COMPLAINTS | 20230706 133810 |
| NO  EXISTING MEDICAL/MENTAL HEALTH COMPLAINTS | 20230706 133810 |
| NO  CRYING | 20230706 133810 |
| YES ORIENTED X'S 3 | 20230706 133810 |
| NO  WITHDRAWN | 20230706 133810 |
| NO  HOSTILE/ANGRY | 20230706 133810 |
| YES QUIET | 20230706 133810 |
| NO  MANIC BEHAVIOR | 20230706 133810 |
| YES DENIES COMPLAINT | 20230706 133810 |

**MSR DATE    TIME    COMPLAINT \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***
07/10/2023 05:16 P HUNGER STRIKE

**DOCTOR ENCOUNTER APPOINTMENT DATE   07/10/2023   TIME 03:00 P SHOW UP Y    JCCC**

| | |
|---|---|
| SUBJECTIVE | |
| PATIENT STATES THAT HE IS ON A HUNGER STRIKE.  HE DENIES | 20230710 172932 |
| OTHER COMPLAINTS OTHER THAN ITCHING AND STATES THAT HE DOES | 20230710 172932 |
| NOT WANT PERMERTHRIN CREAM. HE WANTS SOMETHING ELSE FOR | 20230710 172932 |
| SCABIES. | 20230710 172932 |
| OBJECTIVE | |
| PATIENT IS ALERT AND ORIENTED X3, ANSWERING QUESTIONS | 20230710 172932 |
| APPROPRIATELY, WALKING IN CELL MOVING ALL EXTREMITIES. | 20230710 172932 |
| ASSESSMENT | |
| HUNGER STRIKE | 20230710 172932 |
| PLAN | |
| CONTINUE TO MONITOR UNTIL EATING. | 20230710 172932 |

```
DOCTOR     JMM010MD    JOSEPH M MEYSTRIK
```

CLARK MR  016

DOC ID    OFFENDER
00516684  ALAN CLARK
SPECIFIC CHARTING INFORMATION
07/10/2023
  Doctor/Dentist encounter MSR filed                            20230710 171645

MSR DATE    TIME    COMPLAINT ********************************************
07/10/2023 08:42 P HUNGER STRIKE

NURSE ENCOUNTER APPOINTMENT DATE  07/10/2023  TIME 03:00 P SHOW UP Y    JCCC
SUBJECTIVE
  N (Y/N) PATIENT REFUSES NURSE SICK CALL                       20230710 204329
  N (Y/N) PATIENT REFUSES PROVIDER SICK CALL                    20230710 204329
  Y (Y/N) PATIENT REFUSES OTHER APPOINTMENT                     20230710 204329
  LIST:HUNGER STRIKE ASSESSMENT                                 20230710 204329
    .                                                           20230710 204329
  REASON FOR REFUSAL:OFFENDER DID NOT GIVE REASON               20230710 204329
OBJECTIVE
  LIST OF APPOINTMENT REFUSED:HUNGER STRIKE ASSESSMENT          20230710 204329
    .                                                           20230710 204329
ASSESSMENT
  APPOINTMENT REFUSAL                                           20230710 204329
    .                                                           20230710 204329
PLAN
  NURSING INTERVENTION                                          20230710 204329
  Y (Y/N)   COUNSELING PROVIDED REGARDING THE RISKS OF NOT      20230710 204329
  KEEPING APPOINTMENT                                           20230710 204329
  Y (Y/N) PATIENT SIGNED REFUSAL AND WITNESSED BY MEDICAL       20230710 204329
  STAFF                                                         20230710 204329
  N (Y/N) REFUSED TO SIGN REFUSAL (MUST BE WITNESSED BY 2       20230710 204329
  STAFF MEMBERS)                                                20230710 204329
  Y (Y/N) EDUCATED ON HOW TO OBTAIN SICK CALL AND OTHER         20230710 204329
  MEDICAL SERVICES IN THE FUTURE                                20230710 204329
    .                                                           20230710 204329

NURSE       ADC001JC    ANDREA D CIMA

SPECIFIC CHARTING INFORMATION
07/10/2023
  Nurse encounter MSR filed                                     20230710 204239

MSR DATE    TIME ·  COMPLAINT ********************************************
07/12/2023 02:03 P SD SKIN COMPLAINT

DOCTOR ENCOUNTER APPOINTMENT DATE  07/12/2023  TIME 01:30 P SHOW UP Y    JCCC
SUBJECTIVE
  Pt. was brought to OPC from Segregation with a c/o skin       20230712 144418
  lesions with "white bugs" coming out of skin periodically.    20230712 144418
  He states skin is itchy all the time and has this problem     20230712 144418
  since 2019. It was treated with permitherin but states his    20230712 144418
  clothing and bedding were not washed in the medicated soap.   20230712 144418
  He believes the continuation of "scabies" has resulted. He    20230712 144418
  was recently placed in segregation and decided to go in a     20230712 144418

DOC ID       OFFENDER
00516684    ALAN CLARK
***** SUBJECTIVE CONTINUATION FROM PREVIOUS PAGE *****

| | | |
|---|---|---|
| hunger strike. He has been drinking water. He denies of any | 20230712 | 144418 |
| other problems. | 20230712 | 144418 |
| | 20230712 | 144418 |
| PmHx: HTN but has been controlled w/o meds | 20230712 | 144418 |
|       Eczema | 20230712 | 144418 |
| PsHx:Fx's Lt clavicle. Lt arm and Rt hand | 20230712 | 144418 |
| | 20230712 | 144418 |
| ROS: 15 point review of systems were reviewed by and are | 20230712 | 144418 |
| negative except for the HPI. | 20230712 | 144418 |
| OBJECTIVE | | |
| GENERAL APPEARANCE: WD/WN/WH/AAOx3 NAD | 20230712 | 144418 |
| Skin: Dryness with minor flaking, 1 dry circlular plaque on | 20230712 | 144418 |
| the posterior left lower leg just superior to the ankle. No | 20230712 | 144418 |
| excoriations, erythematous streaks or "white material" | 20230712 | 144418 |
| coming out of the skin. | 20230712 | 144418 |
| EYES: PERRLA EOMI, No conjunctival abnormalities | 20230712 | 144418 |
| EXTREMITIES/EDEMA: No C/C/E Pulses intact X 4 | 20230712 | 144418 |
| Neuro: No focal or LMD | 20230712 | 144418 |
| ASSESSMENT | | |
|   MDM: | 20230712 | 144418 |
| This is a cooperative male in NAD, AAOx3, WD/WH. He is c/o | 20230712 | 144418 |
| ongoing scabies infestion which has been intermitent since | 20230712 | 144418 |
| 2019. He is requesting Lindane or similar medication. Note | 20230712 | 144418 |
| he is in segregation for a custody offense and is choosing | 20230712 | 144418 |
| to be on hunger strike. I fully examined him and made it | 20230712 | 144418 |
| clear that I am unable to ID any S&S related to Scabies | 20230712 | 144418 |
| infestation. I reviewed his previous skin scraping analysis | 20230712 | 144418 |
| which was negative. | 20230712 | 144418 |
| Initially he was argumentative but became more cooperative | 20230712 | 144418 |
| after our discussion and treatment plan. He was | 20230712 | 144418 |
| made aware that I will prescribe medication 1 dose per week | 20230712 | 144418 |
| x 2 weeks but if he feels the treatment is ineffective, | 20230712 | 144418 |
| No further treatment(s) will be implemented. | 20230712 | 144418 |
| He voiced understanding and agrres to the plan. | 20230712 | 144418 |
| | 20230712 | 144418 |
| 1. Pruritis etiology unclear | 20230712 | 144418 |
| PLAN | | |
| IVERMECTIN 3MG TAB | 20230712 | 142856 |
| TAKE 1 TAB X 1 DOSE AFTER EATING (MUST EAT IN ORDER TO TAKE) | 20230712 | 142856 |
| 001      1 TABLET | 20230712 | 142856 |
| IVERMECTIN 3MG TAB | 20230712 | 142856 |
| 1 TAB X 1 AFTER A MEAL(MUST TAKE AFTER EATING)(THIS IS 2ND D | 20230712 | 142856 |
| 001      1 TAB | 20230712 | 142856 |
| 1. Lindane or similar lotion/cream x 1 month. | 20230712 | 144418 |
| 2. Pt. is aware that hot water with laundry detergent will | 20230712 | 144418 |
| kill any living scabies mites. Infact, scabies will not | 20230712 | 144418 |
| last any more than 2-3 days away from skin. | 20230712 | 144418 |

DOCTOR      HDK000BC

.        .        .        .        .

DOC ID:   516684    ALAN CLARK                                    TIME: A/P
SICK CALL COMPLAINT                                                1:30  P
SD SKIN COMPLAINT                                                 MM/DD/CCYY
Nurse Id:  HDK000BC        HOWARD D KESSLER                        7/12/2023

**Subjective**

| | | |
|---|---|---|
| Pt. was brought to OPC from Segregation with a c/o skin | 2023/07/12 | 144418 |
| lesions with "white bugs" coming out of skin periodically. | 2023/07/12 | 144418 |
| He states skin is itchy all the time and has this problem | 2023/07/12 | 144418 |
| since 2019. It was treated with permitherin but states his | 2023/07/12 | 144418 |
| clothing and bedding were not washed in the medicated soap. | 2023/07/12 | 144418 |
| He believes the continuation of "scabies" has resulted. He | 2023/07/12 | 144418 |
| was recently placed in segregation and decided to go in a | 2023/07/12 | 144418 |
| hunger strike. He has been drinking water. He denies of any | 2023/07/12 | 144418 |
| other problems. | 2023/07/12 | 144418 |
|  | 2023/07/12 | 144418 |
| PmHx: HTN but has been controlled w/o meds | 2023/07/12 | 144418 |
|      Eczema | 2023/07/12 | 144418 |
| PsHx:Fx's Lt clavicle. Lt arm and Rt hand | 2023/07/12 | 144418 |
|  | 2023/07/12 | 144418 |
| ROS: 15 point review of systems were reviewed by and are | 2023/07/12 | 144418 |
| negative except for the HPI. | 2023/07/12 | 144418 |

**Objective**

| | | |
|---|---|---|
| GENERAL APPEARANCE: WD/WN/WH/AAOx3 NAD | 2023/07/12 | 144418 |
| Skin: Dryness with minor flaking, 1 dry circlular plaque on | 2023/07/12 | 144418 |
| the posterior left lower leg just superior to the ankle. No | 2023/07/12 | 144418 |
| excoriations, erythematous streaks or "white material" | 2023/07/12 | 144418 |
| coming out of the skin. | 2023/07/12 | 144418 |
| EYES: PERRLA EOMI, No conjunctival abnormalities | 2023/07/12 | 144418 |
| EXTREMITIES/EDEMA: No C/C/E Pulses intact X 4 | 2023/07/12 | 144418 |
| Neuro: No focal or LMD | 2023/07/12 | 144418 |

**Assessment**

| | | |
|---|---|---|
| MDM: | 2023/07/12 | 144418 |
| This is a cooperative male in NAD, AAOx3, WD/WH. He is c/o | 2023/07/12 | 144418 |
| ongoing scabies infestion which has been intermitent since | 2023/07/12 | 144418 |
| 2019. He is requesting Lindane or similar medication. Note | 2023/07/12 | 144418 |
| he is in segregation for a custody offense and is choosing | 2023/07/12 | 144418 |
| to be on hunger strike. I fully examined him and made it | 2023/07/12 | 144418 |
| clear that I am unable to ID any S&S related to Scabies | 2023/07/12 | 144418 |
| infestation. I reviewed his previous skin scraping analysis | 2023/07/12 | 144418 |
| which was negative. | 2023/07/12 | 144418 |
| Initially he was argumentative but became more cooperative | 2023/07/12 | 144418 |
| after our discussion and treatment plan. He was | 2023/07/12 | 144418 |
| made aware that I will prescribe medication 1 dose per week | 2023/07/12 | 144418 |
| x 2 weeks but if he feels the treatment is ineffective, | 2023/07/12 | 144418 |
| No further treatment(s) will be implemented. | 2023/07/12 | 144418 |
| He voiced understanding and agrres to the plan. | 2023/07/12 | 144418 |
|  | 2023/07/12 | 144418 |
| 1. Pruritis etiology unclear | 2023/07/12 | 144418 |

**Plan**

| | | |
|---|---|---|
| IVERMECTIN 3MG TAB | 2023/07/12 | 142856 |
| TAKE 1 TAB X 1 DOSE AFTER EATING (MUST EAT IN ORDER TO TAKE) | 2023/07/12 | 142856 |
| 001      1 TABLET | 2023/07/12 | 142856 |
| IVERMECTIN 3MG TAB | 2023/07/12 | 142856 |
| 1 TAB X 1 AFTER A MEAL(MUST TAKE AFTER EATING)(THIS IS 2ND D | 2023/07/12 | 142856 |
| 001      1 TAB | 2023/07/12 | 142856 |
| 1. Lindane or similar lotion/cream x 1 month. | 2023/07/12 | 144418 |
| 2. Pt. is aware that hot water with laundry detergent will | 2023/07/12 | 144418 |
| kill any living scabies mites. Infact, scabies will not | 2023/07/12 | 144418 |
| last any more than 2-3 days away from skin. | 2023/07/12 | 144418 |

```
Infection control_____
X-Ray_____
Nursing_____
Med room_____
MH_____
Lab_____
Chronic care_____
Schedule_____
Noted by_____  7.13.23
```

```
DOC ID:   516684    ALAN CLARK                                 TIME: A/P
SICK CALL COMPLAINT                                            12:30  P
HUNGER STRIKE, 25 MISSED MEALS                                MM/DD/CCYY
Nurse Id:  SAH001JC     SUSAN A HODGES                          7/14/2023
```

**Subjective**
PT SEEN FOR HUNGER STRIKE. STATES HE IS NOT GOING TO EAT        2023/07/14   173755
UNTIL HE GETS HIS MEDS THAT ARE ORDERED.                       2023/07/14   173755

**Objective**
REFUSED V/S                                                    2023/07/14   173755
                                                               2023/07/14   173755
CONSTITUTION: MALE IN NO ACUTE DISTRESS                        2023/07/14   173755
HEAD: NORMOCEPHALIC                                            2023/07/14   173755
CV/RESP: NO SHORTNESS OF BREATH OR INCREASED WORK OF           2023/07/14   173755
BREATHING                                                      2023/07/14   173755
MUSC: GAIT STEADY, ROM GROSSLY INTACT                          2023/07/14   173755
INTEG: TONE WNL FOR PATIENT                                    2023/07/14   173755
                                                               2023/07/14   173755
MEDICATION:                                                    2023/07/14   173755
IVERMECTIN ORDERED ON 7/12, DID NOT GET SENT FROM PHARMACY     2023/07/14   173755
AS EXPIRED ON 7/13, GETTING OFFSITE R/T NEED FOR              2023/07/14   173755
MEDICATION.                                                    2023/07/14   173755

**Assessment**
HUNGER STRIKE, 25 MISSED MEALS                                 2023/07/14   173755

**Plan**
EDUCATION:                                                     2023/07/14   173755
DISCUSSED RISKS OF DEHYDRATION/MALNUTRITION AND IMPORTANCE     2023/07/14   173755
OF HYDRATION AND NUTRITION, STATES HE IS NOT GOING TO EAT      2023/07/14   173755
UNTIL HE GETS HIS MEDICATION. ENCOURAGED TO PARTICIPATE IN     2023/07/14   173755
V/S, BLOOD SUGAR MONITORING AND URINE MONITORING TO ENSURE     2023/07/14   173755
HIS HEALTH STATUS IS TRACKED                                   2023/07/14   173755
                                                               2023/07/14   173755
F/U PER PROTOCOL                                               2023/07/14   173755
PT ATE EVENING MEAL, DISCONTINUED HUNGER STRIKE                2023/07/14   184034
```

```
Infection control_____
K-Ray_____
Nursing_____
Med room_____
MH_____
Lab_____
Chronic care_____
Scheduler_____
noted by_____  date  71723
```

- ☐ Sickle cell anemia
- ☐ Bleeding tendencies (skin or mucous membranes)
- ☐ Clotting tendencies
- ☐ Excessive bruising
- ☐ Lymph node swelling
- ☐ Blood transfusion(s)

**Reaction to blood transfusion, specify:**

☐ Cancer

**Specify location and treatment:**

**Other hematologic history:**

Comments:

## OBJECTIVE

| Vitals Taken Date/Time | Pulse | Respiration | Temperature | Blood Pressure | O2 Saturation | Weight | Height | BMI | Blood Sugar | Pain |
|---|---|---|---|---|---|---|---|---|---|---|
| 10/27/2023 12:57 | 88 | 14 | 98.8 | 128/86 | 98.0 | 179 | 5 ft. 8.0 in. | 27.2 | | |

☐ Receiving Screening Reviewed

**BMI/Classification**

- ☐ < 18.5 (underweight)
- ☐ 18.5-24.9 (normal weight)
- ☑ 25.0-29.9 (overweight)
- ☐ > 30 (obese)
- ☐ > 40 (extreme obesity)

**Skin**

**Skin (other describe):**

Diffuse areas of discolored, dry, scaly areas to bilateral lower leg
- ☑ Rashes
- ☐ Eruptions
- ☐ Decubiti
- ☐ Jaundice
- ☐ Bruising
- ☐ Lacerations
- ☐ Abnormalities to monitor (moles, etc.)

**Glands**

Negative cervical thyromegaly, negative cervical lymphadenopathy

**Head**

Normocephalic

**Eyes**

Perrl, eomi

Confidentiality Notice: Any information contained in this document is the property of the Missouri Department of Corrections and is to be used for department purposes only. Misuse of data is strictly prohibited.

Case 2:25-cv-04018-SRB   Document 21   Filed 06/20/25   Page 54 of 118

**Ears**

Bilateral tm pearly gray, translucent

**Nose**

atraumatic

**Mouth and Throat**

Unremarkable, intraoral negative for visible lesions

**Heart**

HRR

**Lungs**

LCTA

**Abdomen**

Soft, non tender, normoactive bowel sounds, negative organomegaly

**Hernia**

Negative visible or palpable umbilical, or inguinal hernia

**Genitalia**

declines. Declines dre

**Rectal (age >/=50 or other indication)**

☐ Hemorrhoids

☐ Masses

☐ Fistula

☐ Tags

☐ FOBT cards issued x 3 if age >50

**Prostate**

☐ Smooth

☐ Masses

☐ N/A

Comments:

## ASSESSMENT

**History & Physical**

**Diagnosis (ses):**

Annual phyiscal, dermatitis

Comments:

## DIAGNOSIS

| | |
|---|---|
| Diagnosis Date/Time: 10/27/2023 13:00 | Diagnosed By: BURRIS, PAUL E NP |
| Code: L309   Status: Other | Primary Diagnosis: N |
| Description: Dermatitis, unspecified | |
| End Date: | By: BURRIS, PAUL E |

| | |
|---|---|
| Diagnosis Date/Time: 10/27/2023 13:00 | Diagnosed By: BURRIS, PAUL E NP |
| Code: L309   Status: Other | Primary Diagnosis: N |

Confidentiality Notice: Any information contained in this document is the property of the Missouri Department of Corrections and is to be used for department purposes only. Misuse of data is strictly prohibited.

Case 2:25-cv-04018-SRB   Document 24-1   Filed 06/20/25   Page 55 of 118

Facility: _____

Month: _____

| Init | Drug - Dose - Mode - Interval | HR | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Vistaril 25mg PO TID Tid Prn x 30 days 25mg Hodge @ Start Date 5-28-21 Stop Date 7-28-21 Prescriber Order Date | P B P P R 2 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | Ivermectin 3mg 5 tabs PO x 1 then repeat in 14 days Hodge @ Start Date 6-28-21 Stop Date 7-28-21 Prescriber Order Date | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | PERMETHRIN 5% TOPICAL CREAM APPLY OVER RASH DLY X 7 DAYS, THEN WKLY X 3 LEAVE ON 8 HRS EACH X Ordered: 06/28/21 Stop: 07/26/21 DR_HODGES 00516684 CLARK, ALAN JCCC  003 3D1 0D105 P Presc Prescriber Order Date | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | Prescriber Order Date Start Date Stop Date | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | riber r Date Start Date Stop Date | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | riber r Date Start Date Stop Date | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

DOB/Inmate #:  5116584   3D105   Name: Clark Alan

Location:

CLARK MR  023

sis: _____

Allergies: _____

Facility:

| Init. | Drug - Dose - Mode - Interval | HR | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | HYDROXYZINE PAMOATE 25 MG CAP 1 CAP PO TID PRN X 30 DAYS  Ordered: 06/28/21 Stop: 07/28/21 DR. HODGES 00516684 CLARK, ALAN JCCC  003 301 00105 P | P P P | | | | | | | | | | | | | | | | | | | | | | | | | | | | | S | | |
| | | Start Date | | | | | | | | | | | | | | Stop Date | | | | | | | | | | | | | | | | | | |
| | IVERMECTIN 3MG TAB 5 TAB PO X 1, THEN REPEAT IN 14 DAYS  Ordered: 06/28/21 Stop: 07/12/21 DR. HODGES 00516684 CLARK, ALAN JCCC  003 301 00105 P | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | | Start Date | | | | | | | | | | | | | | Stop Date | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | | Start Date | | | | | | | | | | | | | | Stop Date | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | | Start Date | | | | | | | | | | | | | | Stop Date | | | | | | | | | | | | | | | | | | |

Diagnosis:

DOB/Inmate #: 516684  Location: 3D/05  Name: Clark Alan

Allergies:

#3150 REV 4/10

| Drug - Dose - Mode - Interval | Jan | | Feb | | Mar | | Apr | | May | | Jun | | Jul | | Aug | | Sep | | Oct | | Nov | | Dec | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Qty | Date | Qty | Date | Qty | Date | Qty | Date | Qty | Date | Qty | Date | Qty | Date | Qty | Date | Qty | Date | Qty | Date | Qty | Date | Qty | Date |

**Facility:**

COAL TAR SHAMPOO (250ML) 0.5%
USE FOR SHOWERS AFTER PERMETHRIN
APPLICATIONS
Ordered: 06/28/21 Stop: 07/26/21 DR. HODGES
0051684 CLARK, ALAN JCCC    003 3D1 0D105 P

TRIAMCINOLONE TOPICAL CREAM 0.5%
APPLY TO PSORIASIS BID PRN
Ordered: 07/2/21 Stop: 01/18/22 DR. HODGES
0051684 CLARK, ALAN JCCC    003 3D1 0D105 P

| | Start Date | Stop Date |
|---|---|---|
| Initials | | |
| Prescriber | | |
| Order Date | | |

| | Start Date | Stop Date |
|---|---|---|
| Initials | | |
| Prescriber | | |
| Order Date | | |

| | Start Date | Stop Date |
|---|---|---|
| Initials | | |
| Prescriber | | |
| Order Date | | |

**Circle Scores**

Ivn 1 2 3 4 5    SR 1 2 3

Medical Score 1 2 3 4 5

Allergies

DOB/Inmate #    Location    Name

Clark Alan

PX3151MO-Missouri Annual MAR-created 08/30/2010, revised 11/14/2016

# 0913 JCCC MEDICATION ADMINISTRATION RECORD

## August 2021

Month:

Facility: _____

| Init. | Drug - Dose - Mode - Interval | HR | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | HYDROXYZINE PAMOATE 25 MG CAP 1 CAP PO TID PRN X 30 DAYS  Ordered: 06/28/21 Stop 07/28/21 DR. HODGES 00516684 CLARK, ALAN JCCC  003 3D1 0D105 P | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

Start Date _____  Stop Date _____

Prescriber _____  Order Date _____

Start Date _____  Stop Date _____

Prescriber _____  Order Date _____

Start Date _____  Stop Date _____

Prescriber _____  Order Date _____

Start Date _____  Stop Date _____

ber _____  Date _____

Start Date _____  Stop Date _____

ber _____  Date _____

Diagnosis: _____

Allergies: _____

Location: _____

Name: Clark, Alan

DOB/Inmate #: 516684

CLARK MR 026

#3150 REV 4/10

# MEDICATION ADMINISTRATION RECORD

Facility: _____

**Month:** July 2023

| Init. | Drug – Dose – Mode – Interval | HR | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

IVERMECTIN 3MG TAB
TAKE 1 TAB X 1 DOSE AFTER EATING (MUST EAT IN ORDER TO TAKE)

Ordered: 07/12/23 Stop: 07/13/23 DR. KESSLER
00516684 CLARK, ALANJCCC 00L7A10A101 P₂

Prescriber _____
Start Date _____ Stop Date _____
Order Date _____

Prescriber _____
Start Date _____ Stop Date _____
Order Date _____

Prescriber _____
Start Date _____ Stop Date _____
Order Date _____

Prescriber _____
Start Date _____ Stop Date _____
Order Date _____

criber _____
Start Date _____ Stop Date _____
Order Date _____

CLARK MR 037

STATE OF MISSOURI
DEPARTMENT OF CORRECTIONS
HEALTH SERVICES REQUEST

# 4066521

| TO BE COMPLETED BY HEALTHCARE STAFF ONLY | |
|---|---|
| DATE RECEIVED BY HEALTHCARE STAFF JAN 08 2024 | TIME RECEIVED BY HEALTHCARE STAFF 8A |

OFFENDER NAME (PLEASE PRINT): Alan Clark    # 516684

MEDICAL

DOC NUMBER: 516684

INSTITUTION: JCCC

HOUSING UNIT (INCLUDE WING & ROOM NUMBER): HUSC 217

WORK/SCHOOL SCHEDULE: Student

I WISH TO BE SEEN BY (CHECK ONE):
☐ MEDICAL  ☐ MENTAL HEALTH  ☐ DENTAL  ☐ OTHER

COMPLAINT: Need Copy of Medical Records

OFFENDER SIGNATURE AND AUTHORIZATION TO TREAT: Alan Clark

INITIAL FOR RECEIPT OF OTC INSTRUCTIONS:

DATE: 1-5-24

DO NOT WRITE BELOW THIS LINE - FOR HEALTHCARE STAFF USE ONLY

| ☐ EMERGENT (SEE IMMEDIATELY) | ☐ URGENT (SEE DURING SHIFT) | ☐ ROUTINE (NEXT AVAILABLE SICK CALL) |
|---|---|---|

| ☐ ADMINISTRATOR | ☐ DENTAL | ☐ DOCTOR SICK CALL | ☐ DON | ☐ LAB / X-RAY |
|---|---|---|---|---|
| ☐ MED ROOM | ☐ MENTAL HEALTH | ☑ NURSE SICK CALL | ☐ OPTOMETRY | ☐ OTHER: |

TRIAGE STAFF NOTES:

TRIAGE STAFF SIGNATURE & TITLE: B Arthurasarm

DATE TRIAGED: JAN 08 2024

TIME TRIAGED: 8A

BY

☑ FACE-TO-FACE TRIAGE COMPLETED

MEDICAL

HEALTHCARE STAFF NOTES:

Email sent to P. Allen RN
- Electronic: 88 pgs x 0.35 = $30.80
- Hard chart: 57 pgs x 0.35 = $19.95
Statement & letter sent this date 3-15-24

S Smith, MED RECORDS    3-19-24  11:57am

HEALTHCARE STAFF SIGNATURE: B Walker LPN

DATE: 2/8/24

TIME: 1100

MO 931-1319 (2-19)

EChart - 88 pgs
ending letter + statement this date. 3-15-24
- Sam, medical records clerk.

February 15, 2024


Mr. Alan Clark #516684


You sent a HSR requesting a copy of your medical records. We need to know the date frame that you are wanting. Or is there is something you are wanting specifically. There is a charge for this 35 cents per page.

Send in another HSR to let us know what you are wanting.

Ginger

Medical Records Clerk


Mrs. Ginger: Records Clerk          3-4-23      Response from Alan Clark 516684

1). I would like my medical Records from 7-8-2019 to Current Date

2). I would like to exclude any lab tests that involve Blood work because they are not reflective with records requested.

3) I would also like to check and view my records

4) I would like to sign medical release forms to individual I want records sent to.


**CLARK MR 029**

## Alan Clark #516684,

With this letter, is your statement for requested records. It has a cost breakdown and tells you where to send your green check. Once central office receives it we will make you a pass to medical to pick up your records.

We are no longer doing record reviews. Once you have your records, you can send them to who you are needing to. If you need a release of information for family members or friend so they can talk about your medical information over the phone. Send us an HSR requesting a "ROI" and we will make you a pass to medical to sign it.


Thankyou,

Sam and Ginger

Medical Records

CLARK MR 030

March 15th, 2024

**Alan Clark #516684,**


Offenders can request to have copies of their medical records. They will be eligible for one request per calendar year unless directed by MODOC or Centurion Regional office. You have requested a copy of medical records: From 7/8/2019 to present, excluding labs from JCCC. You have to make a check, money order, or cashier's check to **MODOC** for the **total** amount. Send to Shelley Frye at 1400 Edgewood Dr.: Suite 200; Jefferson City, MO 65109 before we can send your requested copy.

|  | Cost | Pages | |
|---|---|---|---|
| Electronic Pages (35 cents per page) | $30.80 | 88 | |
| Medical Hard Chart (35 cents per page) | $19.95 | 57 | |
| CD ($6.00) | | | |
| Total | **$50.75** | 145 | |

Ginger Wright & Sam Smith
Centurion Medical Records Clerks for JCCC
    CC: medical records

*Quentin Clark*

DOC ID    OFFENDER
00516684   ALAN CLARK
***** ASSESSMENT CONTINUATION FROM PREVIOUS PAGE *****
ASSESSMENT
 KNOWLEDGE DEFICIT R/T RECORDS PROCESS
PLAN                                                        20200312  123428
 PATIENT STATES HE HAS ALREADY MET WITH "GINGER".  DISCUSSED   20200312  123428
 THIS REQUEST WITH GINGER.                                  20200312  123428

NURSE      JKW00#MV

SPECIFIC CHARTING INFORMATION
03/12/2020
 Nurse encounter MSR filed
                                                           20200311  133716

MSR DATE    TIME     COMPLAINT  *********************************************
06/10/2020 02:43 P SELF DECLARED EMERGENCY

NURSE ENCOUNTER APPOINTMENT DATE  06/10/2020  TIME 02:30 P SHOW UP Y    JCCC
SUBJECTIVE
 Y (Y/N) DECLARES A MEDICAL EMERGENCY                       20200610 145343
 IN PATIENT'S OWN WORDS, DESCRIBE THE EMERGENCY:PATIENT     20200610 145343
 STATED "I HAVE SCABIES AGAIN" PATIENT STATED THAT WHEN HIS 20200610 145343
 SKIN GETS WET WHITE BUGS COME OUT OF HIS SKIN. PATIENT     20200610 145343
 STATED THAT THEY ARE ALL OVER HIS BODY. PATIENT STATED THAT 20200610 145343
 HIS WHOLE BODY ITCHES.                                     20200610 145343
 N (Y/N) IF COMPLAINS OF CHEST PAIN OR OTHER EMERGENT       20200610 145343
 NEED, PRESS F21 & COMPLETE APPROPRIATE EMERGENCY PROTOCOL  20200610 145343
 LOCATION OF SYMPTOMS: BACK, FOREARMS AND LEGS              20200610 145343
 DURATION: YEARS                                            20200610 145343
 PREVIOUS HISTORY/TREATMENT                                 20200610 145343
  Y(Y/N)  ITCHING 10/2019                                   20200610 145343
         DESCRIBE:PREMTHERIN CREAM _____      20200610 145343
OBJECTIVE
 BP 140/080 PL095 RS016 TP0974 WT000 BS000 PF000  97%RA     20200610 145343
 N (Y/N) PULSE >100                                         20200610 145343
 IF YES, HAVE PATIENT REST AND REPEAT PULSE                 20200610 145343
 N/A_  RESULT                                               20200610 145343
 N (Y/N) IF BP >180 SYSTOLIC OR >110 DIASTOLIC-             20200610 145343
 EMERGENT, HAVE PATIENT REST THEN RECHECK. NOTIFY PROVIDER  20200610 145343
 IMMEDIATELY IF REMAINS ELEVATED.                           20200610 145343
 N/A_____   RESULT OF RECHECK                           20200610 145343
 N (Y/N) IF BP >160 SYSTOLIC OR >100 DIASTOLIC, HAVE        20200610 145343
 PATIENT REST THEN RECHECK. SCHEDULE                        20200610 145343
 APPOINTMENT WITH PROVIDER FOR NEXT DAY.                    20200610 145343
 N/A_____   RESULT OF RECHECK                           20200610 145343
 N (Y/N) BLOOD PRESSURE <90 SYSTOLIC OR <60 DIASTOLIC       20200610 145343
  IF YES, CONTACT PROVIDER AND BE PREPARED TO ESTABLISH IV  20200610 145343
 ACCESS                                                     20200610 145343
 NEUROLOGICAL:A&OX4, STEADY GAIT                            20200610 145343
 CARDIAC:DENIES SOA AND CHEST PAIN                          20200610 145343
 PULMONARY:DENIES SOA, NON LABOR BREATHING                  20200610 145343
 GI:DENIES                                                  20200610 145343

DOC ID     OFFENDER
00516684   ALAN CLARK

**\*\*\*\*\* OBJECTIVE CONTINUATION FROM PREVIOUS PAGE \*\*\*\*\***

| | |
|---|---|
| GU:DENIES | 20200610 145343 |
| EXTREMITIES: FULL MOTION ALL EXTREMITIES, STEADY GAIT | 20200610 145343 |
| SKIN: NO SIGNS OF SCABIES. CALLED CAROL INFECTION CONTROL | 20200610 145343 |
| TO CONFIRM | 20200610 145343 |
| OTHER PERTINENT NURSING FINDINGS: | 20200610 145343 |
| N_____ (Y/N) PROBLEM IS DETERMINED TO BE A MEDICAL EMERGENCY | 20200610 145343 |
|    IF YES, DESCRIBE: | 20200610 145343 |
| N_____ (Y/N) HAS DECLARED AN EMERGENCY WITHIN LAST 72 HOURS | 20200610 145343 |
| _N___ (Y/N) HAS BEEN SEEN IN SICK CALL FOR THE SAME | 20200610 145343 |
| COMPLAINT WITHIN THE LAST 72 HOURS | 20200610 145343 |
| . | 20200610 145343 |
| . | 20200610 145343 |
| . | 20200610 145343 |
| N (Y/N) PULSE >100 | 20200610 145343 |
| IF YES, HAVE PATIENT REST AND REPEAT PULSE | 20200610 145343 |
| N/A_ RESULT | 20200610 145343 |
| N_____ (Y/N) IF BP >180 SYSTOLIC OR >110 DIASTOLIC- | 20200610 145343 |
| EMERGENT, HAVE PATIENT REST THEN RECHECK. NOTIFY PROVIDER | 20200610 145343 |
| IMMEDIATELY IF REMAINS ELEVATED. | 20200610 145343 |
| _N/A_____ RESULT OF RECHECK OR BURROWS CHARACTERIZED | 20200610 145343 |
| N_____ (Y/N) IF BP >160 SYSTOLIC OR >100 DIASTOLIC, HAVE | 20200610 145343 |
| PATIENT REST THEN RECHECK. SCHEDULE | 20200610 145343 |
| APPOINTMENT WITH PROVIDER FOR NEXT DAY. | 20200610 145343 |
| N/A_____ RESULT OF RECHECK | 20200610 145343 |
| AFFECTED AREA: | 20200610 145343 |
| N_____ (Y/N) GROUPED PAPULES, NODULES OR BURROWS | 20200610 145343 |
| CHARACTERIZED ON THE WEBS OF THE FINGERS, WRISTS, ELBOWS, | 20200610 145343 |
| KNEES, AXILLA, THIGHS, OR HEAD OF PENIS | 20200610 145343 |
| N_____ (Y/N) SECONDARY PARTICLES OR CRUSTS DUE TO BACTERIAL | 20200610 145343 |
| INFECTION | 20200610 145343 |
| N_____ (Y/N) PREGNANT (FEMALE PATIENTS MUST HAVE PREGNANCY | 20200610 145343 |
| RULED OUT OR PROVIDER CONTACTED PRIOR TO THERAPY) | 20200610 145343 |
| . | 20200610 145343 |
| . | 20200610 145343 |
| . | 20200610 145343 |
| . | 20200610 145343 |
| . | 20200610 145343 |
| . | 20200610 145343 |
| . | 20200610 145343 |
| . | 20200610 145343 |
| . | 20200610 145343 |
| . | 20200610 145343 |
| ASSESSMENT | |
| SELF-DECLARED EMERGENCY | 20200610 145343 |
| SYMPTOMS OF SCABIES | 20200610 145343 |
| PLAN | |
| **IF THERE IS A PROTOCOL FOR THE ASSOCIATED NON-EMERGENT | 20200610 145343 |
| COMPLAINT PRESS F-21 AND PROCEED TO THE APPROPRIATE | 20200610 145343 |
| PROTOCOL** | 20200610 145343 |

DOC ID      OFFENDER
00516684    ALAN CLARK
***** ASSESSMENT CONTINUATION FROM PREVIOUS PAGE *****
  (A) ASSESSMENT:  MENTAL HEALTH REFERRAL                      20200730 101237
PLAN
  (P) PLAN:
  n_       (Y/N)      REFER TO MH NURSE FOR MEDICATION COMPLIANCE 20200730 101237
  n____    (Y/N)      REFER TO MH NURSE FOR MEDICATION           20200730 101237
  COMPLIANCE                                                    20200730 101237
  y____    (Y/N)      ROUTINE REFERRAL TO MH.                    20200730 101237
  n____    (Y/N)      EMERGENT REFERRAL TO MH                    20200730 101237
  n____    (Y/N)      PLACED ON SUICIDE WATCH; CUSTODY AND MH    20200730 101237
  NOTIFIED                                                      20200730 101237
           WHO/TIME NOTIFIED                                    20200730 101237
  refer to MH for evaluation.                                  20200730 101237

  NURSE       SKK000JC

SPECIFIC CHARTING INFORMATION
07/30/2020
  Nurse encounter MSR filed
                                                               20200730 100613

MSR DATE    TIME     COMPLAINT  ************************************************
08/07/2020 02:18 P MH - NON-CONTACT NOTE

SPECIFIC CHARTING INFORMATION
08/07/2020
  Technician/MH  encounter MSR filed
                                                               20200807 142400

MSR DATE    TIME     COMPLAINT  ************************************************
09/02/2020 04:15 P RASH

NURSE ENCOUNTER APPOINTMENT DATE   09/02/2020   TIME 01:30 P SHOW UP Y    JCCC
SUBJECTIVE
Y____ (Y/N) COMPLAINS OF A RASH                               20200902 163120
LOCATION: ARMS, LEGS, BACK, NECK                              20200902 163120
DURATION: SINCE NOVEMBER                                      20200902 163120
Y____ (Y/N) COMPLAINTS OF ITCHING                            20200902 163120
Y____ (Y/N) INTENSITY OF ITCHING INCREASES AT NIGHT          20200902 163120
N____ (Y/N) RECENT EXPOSURE TO CHEMICALS. IF YES, LIST:      20200902 163120
N____ (Y/N) RECENT EXPOSURE TO PLANTS                        20200902 163120
N____ (Y/N) RECENT EXPOSURE TO NEW FOOD                      20200902 163120
N____ (Y/N) NEW MEDICATIONS: NAME OF MED AND DATE STARTED:   20200902 163120
N____ (Y/N) ALLERGIES                                        20200902 163120
N____ (Y/N) HISTORY OF HERPES                                20200902 163120
Y____ (Y/N) HISTORY OF CHICKEN POX                           20200902 163120
Y____ (Y/N) PAIN                                             20200902 163120
IF YES, DESCRIBE LOCATION & CHARACTERISTICS: BILAT LEGS,     20200902 163120
CALVES WITH RAISED RASH WHICH IS CRACKED                     20200902 163120
Y____ (Y/N) HAS THIS RASH OCCURRED BEFORE                    20200902 163120
  IF YES, HOW WAS IT TREATED: PREMETHERIN                     20200902 163120
N____ (Y/N) STRESSORS                                        20200902 163120
.                                                            20200902 163120

DOC ID    OFFENDER
00516684    ALAN CLARK
***** SUBJECTIVE CONTINUATION FROM PREVIOUS PAGE *****
   .                                             20200902 163120
                                              20200902 163120
OBJECTIVE
 BP 130/084 PL091 RS016 TP0972 WT000 BS000 PF000   99%O2 SAT    20200902 163120
RULES OF 100                                      20200902 163120
N_____ (Y/N) PULSE >100                            20200902 163120
   IF YES, HAVE PATIENT REST AND REPEAT PULSE         20200902 163120
_____ RESULT                             20200902 163120
N____   (Y/N) IF BP >180 SYSTOLIC OR >110 DIASTOLIC-    20200902 163120
EMERGENT, HAVE PATIENT REST THEN RECHECK. NOTIFY PROVIDER    20200902 163120
IMMEDIATELY IF REMAINS ELEVATED.               20200902 163120
_____ RESULT OF RECHECK                20200902 163120
N_____   (Y/N) IF BP >160 SYSTOLIC OR >100 DIASTOLIC, HAVE   20200902 163120
PATIENT REST THEN RECHECK. SCHEDULE APPOINTMENT WITH     20200902 163120
PROVIDER FOR NEXT DAY.                      20200902 163120
_____RESULT OF RECHECK                 20200902 163120
DESCRIBE LOCATION AND APPEARANCE OF AREA:         20200902 163120
LIST NEW MEDICATIONS:                      20200902 163120
N_____ (Y/N) PREVIOUSLY DIAGNOSED SKIN CONDITION      20200902 163120
Y_____ (Y/N) REVIEW PREVIOUS TREATMENT          20200902 163120
N_____ (Y/N) GROUPED PAPULES, NODULES OR BURROWS LOCATED ON   20200902 163120
THE WEBS OF THE FINGERS, WRISTS, ELBOWS, KNEES, AXILLA,    20200902 163120
WAIST, THIGHS, OR HEAD OF PENIS               20200902 163120
***IF YES, ESPECIALLY IN THE PRESENCE OF INCREASED ITCHING   20200902 163120
AT NIGHT, REFER TO SCABIES PROTOCOL***          20200902 163120
RASH ON BACK, AND LEGS RED AND RAISED. CRACKS IN MIDDLE OF   20200902 163120
RASH.                                        20200902 163120
   .                                            20200902 163120
   .                                            20200902 163120
   .                                            20200902 163120
   .                                            20200902 163120
   .                                            20200902 163120
   .                                            20200902 163120
ASSESSMENT
 RASH                                          20200902 163120
PLAN
 NURSING INTERVENTION                    20200902 163120
Y_____ (Y/N) REMOVE IRRITANT BY WASHING WITH WATER     20200902 163120
N_____ (Y/N) REFER TO MSDS IF CHEMICAL IRRITANT       20200902 163120
   LIST IRRITANT:                          20200902 163120
Y_____ (Y/N) COOL COMPRESSES TO AREA           20200902 163120
Y_____ (Y/N) ISSUE ONE TUBE HYDROCORTISONE 1% CREAM, INSTRUCT 20200902 163120
TO APPLY TO AFFECTED AREA TWO TIMES A DAY         20200902 163120
N_____ (Y/N) IF KITCHEN WORKER, PROVIDE LAY-IN UNTIL CLEAR   20200902 163120
AND SCHEDULE TO RETURN IN 7 DAYS FOR FOLLOW-UP      20200902 163120
N_____ (Y/N) REFER TO MENTAL HEALTH IF STRESS-RELATED RASH IS 20200902 163120
SUSPECTED                                    20200902 163120
N_____ (Y/N) NOTIFY SITE INFECTION CONTROL DESIGNEE IF    20200902 163120

DOC ID    OFFENDER
00516684   ALAN CLARK

**\*\*\*\*\* PLAN CONTINUATION FROM PREVIOUS PAGE \*\*\*\*\***

| | |
|---|---|
| INDICATED | 20200902 163120 |
| Y_____ (Y/N) RETURN TO SICK CALL IF NOT BETTER IN 7-10 DAYS | 20200902 163120 |
| Y_____ (Y/N) INSTRUCT PER PATIENT EDUCATION | 20200902 163120 |
| Y_____ (Y/N) VERBALIZES UNDERSTANDING OF CARE AND | 20200902 163120 |
| INSTRUCTIONS | 20200902 163120 |
| REFER TO PROVIDER | 20200902 163120 |
| Y_____ (Y/N) GENERALIZED RASH (PRESENT ON MOST BODY | 20200902 163120 |
| SURFACES)- EMERGENTLY NOTIFY PROVIDER IF POSSIBLE ALLERGIC | 20200902 163120 |
| REACTION | 20200902 163120 |
| N_____ (Y/N) RASH WITH PURULENT DRAINAGE | 20200902 163120 |
| N_____ (Y/N) RASH WITH FEVER | 20200902 163120 |
| N_____ (Y/N) RASH WITH PAINFUL BLISTERS | 20200902 163120 |
| N_____ (Y/N) DISCUSS WITH PROVIDER IF POSSIBLE MEDICATION | 20200902 163120 |
| REACTION | 20200902 163120 |
| RASH ON LEGS CRACKED. PLEASE REFER URGENTLY | 20200902 163120 |
| . | 20200902 163120 |
| . | 20200902 163120 |
| . | 20200902 163120 |

NURSE       PJG00#JC

**SPECIFIC CHARTING INFORMATION**
09/02/2020
  Nurse encounter MSR filed                 20200902 161547

**MSR DATE    TIME     COMPLAINT** \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
09/03/2020 07:36 A RASH

**DOCTOR ENCOUNTER APPOINTMENT DATE   09/03/2020   TIME 12:30 P SHOW UP Y    JCCC**

| | |
|---|---|
| SUBJECTIVE | |
| HERE FOR MY SCABIES RASH, WORSENING AROUND MY ANKLES, IN | 20200903 095401 |
| BETWEEN MY FINGERS, ARMS" SEVERE ITCHING X SEVERAL WEEKS. | 20200903 095401 |
| OBJECTIVE | |
| BP 114/082 PL083 RS016 TP0968 WT169 BS000 PF000   100% RA | 20200903 095401 |
| | 20200903 095401 |
| BLACK MALE IN NAD | 20200903 095401 |
| SKIN: TRACKING MITE APPEARACE IN BETWEEN FINGERS, AROUND | 20200903 095401 |
| ANKLES, UP ARMS SMALL RED RAISED MACULAR PAPULAR NO | 20200903 095401 |
| DISCHARGE BITES. | 20200903 095401 |
| HEENT: PERLA, EOMI, ORAL CLEAR NECK SUPPLE NO PALPABLE | 20200903 095401 |
| ADENOPATHY | 20200903 095401 |
| LUNGS: CTAB A/P | 20200903 095401 |
| CV: S1 S2 AUDIBLE WITHOUT M/R/G | 20200903 095401 |
| GI: SOFT NON-DISTENDED BS + IN ALL 4 QUADS, NO HSM | 20200903 095401 |
| EXTREMITIES: THICK RAISED SKIN FROM ITCHING AROUND ANKLES | 20200903 095401 |
| NOTED | 20200903 095401 |
| NEURO: ALERT ORIENTED X 3, SPEECH CLEAR | 20200903 095401 |
| ASSESSMENT | |
| SCABIES | 20200903 095401 |
| | 20200903 095401 |

DOC ID     OFFENDER
00516684   ALAN CLARK
***** ASSESSMENT CONTINUATION FROM PREVIOUS PAGE *****
  SEVERE PRURITIS FROM SCABIES                                    20200903 095401
PLAN
  PERMETHRIN 5% TOPICAL CREAM                                     20200903 095227
  APPLY NECK DOWN LEAVE ON FOR 8 HOURS-ISSUED IN MEDICAL UNIT     20200903 095227
  001       1                                                     20200903 095227
  PREDNISONE 5 MG DOSEPACK (6,5,4,3,2,1)                          20200903 095227
  TAKE ONE PACK AS DIRECTED                                       20200903 095227
  006       QS                                                    20200903 095227
  COAL TAR SHAMPOO (250ML) 0.5%                                   20200903 095227
  APPLY BIWEEKLY                                                  20200903 095227
  030       QS                                                    20200903 095227
  MEDICATIONS                                                     20200903 095401
                                                                  20200903 095401
  PERMETHERIN 5% CREAM - GIVEN IN MEDICAL                         20200903 095401
                                                                  20200903 095401
  PREDNISONE STEROID PACK                                         20200903 095401
                                                                  20200903 095401
  COAL TAR SHAMPOO BIWEEKLY                                       20200903 095401
                                                                  20200903 095401
  INFECTION CONTROL NURSE- CAROL NOTIFIED                         20200903 095401
                                                                  20200903 095401
  SCABIES CONTROL POLICY FOLLOWED                                 20200903 095401
                                                                  20200903 095401
  EDUCATION:                                                      20200903 095401
                                                                  20200903 095401
  REPORT TO MEDICAL WORSENING, RECURRENT SKIN CONCERNS OR         20200903 095401
  OTHER CONCERNING PROBLEMS TO MEDICAL IMMEDIATELY VIA HSR OR     20200903 095401
  SELF DECLARED EMERGENCY. PATIENT VERBALIZED UNDERSTANDING       20200903 095401
  AND AGREEMENT.                                                  20200903 095401

DOCTOR     TJS000JC    TERRI J STONE

SPECIFIC CHARTING INFORMATION
09/03/2020
  Doctor/Dentist encounter MSR filed                             20200903 073620

MSR DATE    TIME    COMPLAINT  ******************************************
09/05/2020 01:21 P 2ND SCABIES TX

NURSE ENCOUNTER APPOINTMENT DATE  09/10/2020  TIME 08:00 A SHOW UP Y    JCCC
SUBJECTIVE
  pt seen for scheduled 2nd scabies treatment                    20200910 090213
OBJECTIVE
  pt denies any s/s at this time.                                20200910 090213
PLAN
  PREMETHERIN CREAM ISSUED; along w pt education.  pt stated     20200910 090213
  understanding.                                                 20200910 090213

NURSE      CLG002JC

Clark MR A-1 pg 6

DECEMBER 27, 2024

TO:

CENTER FOR DISEASE CONTROL
PARACITIC DISEASES DIVISION
CHAM 102,
4770 BUFORD HIGHWAY, MS F22
Atlanta, GA. 30341-4056


     RE:  This is a request for testing and identification of
specimens of host ALAN R. CLARK pulled from his skin.
     If these are paracitic mites, what type?
     Are these specimens large enough to be observed under
examination by a medical practitioner?


     Would an infection of this specimen that continued unchecked
for five (5) years become serious.


     Can this specimen be painful create permanent damage to
skin.


     What is a micro infestation of this specimen said to entail?


     If this is a mite can it be resistent to ivermetin and
permetherin? if so what should be done?


     If Permethrin and Ivemectin is not effective, should that
course of treatment continue?

     If you could issue a report answering these questions and
include additional information on how to effectively eliminate
this specimen if it is a biological live paracite or mite.


Respectfully submitted,
Alan Clark 516684
8200 No More Victims Rd.
Jefferson City, Mo. 65101

SWORN AFFIDAVIT OF ALAN R. CLARK
AND DECLARATION PURSUANT TO 28 U.S.C. §1746

I Alan R. Clark under 28 U.S.C. §1746, declare under oath
as follows:

1.

I am over eighteen (18) years of age, suffer from no mental
impairment, and am otherwise legally competent to make this
Affidavit/Declaration.

2.

My name is Alan R. Clark I am an inmate located at the
Jefferson City Correctional Center, of the State of Missouri.

3.

I am the host of the specimens contained within the
biohazard bag submitted for testing.

4.

These specimens was extracted from my skin on the date
of 12-26-2024.

5.

It is my belief that these specimens submitted are not
toxic life threatming bio agents, but it is my belief that they
are some type of paracitic mite.

6.

This specimens are identical to the same visually specimens
pulled from my skin for the last five (5) years.

my skin are.                    7 6.

I was told by mdeical staff I will not be able to be seen
by a specialist to diagnose what these specimens coming off
my skin are.

8.

Whatever these specimens are the create extreme pain needle
pricks, bee stinging to extreme itching. Skin disclorations,
and loss of sensations in som spots, scaring to flaky skin.

1

9.

The above statements are true and are based on my personal knowledge which I experience daily to which I am compentent to testify concerning under the penalty of perjury that the foregoing is correct.

_Alan Clark_

Executed to me on this 27 the _December_ of 20 24

_Renee Walker_

RENEE WALKER
NOTARY PUBLIC - NOTARY SEAL
STATE OF MISSOURI
MY COMMISSION EXPIRES JULY 26, 2025
COLE COUNTY
COMMISSION #21562734



STATE OF MISSOURI
DEPARTMENT OF CORRECTIONS
**INFORMAL RESOLUTION REQUEST**

**OFFENDER SECTION - MUST COMPLETE WITH INK**

OFFENDER NAME
_Alan Clark_

DOC I.D. _516684_      HOUSING UNIT _5C217_

STATE YOUR COMPLAINT OR PROBLEM BRIEFLY. ONLY ONE ISSUE. BE SPECIFIC.

_See Attached Sheet_

ACTION REQUESTED - STATE THE REMEDIES YOU ARE SEEKING.

OFFENDER SIGNATURE                          DOC I.D.        DATE

**INSTITUTION STAFF MEMBER USE ONLY**
DISCUSSION OF COMPLAINT - SUMMARIZE THE RESULTS OF THE MEETING.

☐ **IRR RESOLVED BY DISCUSSION OR WITHDRAWN**      ☐ **IRR NOT RESOLVED BY DISCUSSION**

OFFENDER SIGNATURE      DOC I.D.   DATE   STAFF MEMBER SIGNATURE   I.D NUMBER   DATE

**STAFF FINDINGS - RESPONSE**

INVESTIGATING STAFF MEMBER SIGNATURE   I.D NUMBER   DATE   RESPONDENT SIGNATURE   I.D NUMBER   DATE

REVIEWER SIGNATURE   I.D NUMBER   DATE

RESULTS: ☐ SATISFACTORY   ☐ UNSATISFACTORY

YOU HAVE THE RIGHT TO FILE A FORMAL GRIEVANCE. YOU MUST FILE A GRIEVANCE FORM WITH THE DESIGNATED STAFF WITHIN SEVEN DAYS FROM THE DATE YOU RECEIVE THIS RESPONSE. FAILURE TO SUBMIT A GRIEVANCE WITHIN THIS TIME FRAME CONSTITUTES ABANDONMENT.

OFFENDER SIGNATURE                          DOC I.D.        DATE

MO 931-3376 (9-22)          DISTRIBUTON: COPY - OFFENDER;   COPY - IRR FILE

N) 4-24-24

STATE OF MISSOURI
DEPARTMENT OF CORRECTIONS
**INFORMAL RESOLUTION REQUEST**

**INSTITUTION USE ONLY**
☐ EMERGENCY COMPLAINT
DATE RECEIVED: _____

**OFFENDER SECTION - MUST COMPLETE**

OFFENDER NAME
Alan Clark

STATE YOUR COMPLAINT OR PROBLEM BRIEF
*see*

.684  |  HOUSING UNIT  5C217

5 HU

ACTION REQUESTED - STATE THE REMEDIES YO

OFFENDER SIGNATURE

DATE

**INSTITUTION STAFF MEMBER**
DISCUSSION OF COMPLAINT - SUMM

☐ IRR RESOLVED BY D
OFFENDER SIGNATURE

**STAFF FINDINGS - R**

INVESTIGATING STAFF MEMBER SIGNATURE

REVIEWER SIGNATURE  |  I.D NUMBER

LVED BY DISCUSSION
I.D NUMBER  |  DATE

TURE  |  I.D NUMBER  |  DATE

☐ SATISFACTORY  ☐ UNSATISFACTORY

---

**Constituent Services Office
ROUTE SLIP**

DATE: 10-11-24

TO:
☐ Legal
☐ _Jree_ _____ Grievance Office
☐ Civil Rights Unit
☐ PREA Unit
☐ Employee Conduct Unit
☐ Security Intelligence Unit

FROM:
☐ Chris Neiman
☐ Tim Hartness
☐ Kari Kingsley

INMATE: Alan Clark
# 5181384
RE: _individual IRR attached_  INST: Jcc

Attached please find correspondence that falls under your review. Please handle as you deem appropriate.

CC: File

---

YOU HAVE THE RIGHT TO FILE A FORMAL GRIEVANCE. YOU MUST FILE A GRIEVANCE FORM WITH THE DESIGNATED STAFF WITHIN SEVEN DAYS FROM THE DATE YOU RECEIVE THIS RESPONSE. FAILURE TO SUBMIT A GRIEVANCE WITHIN THIS TIME FRAME CONSTITUTES ABANDONMENT.

OFFENDER SIGNATURE  |  DOC I.D.  |  DATE

MO 931-3376 (9-22)  |  DISTRIBUTON: COPY - OFFENDER;  COPY - IRR FILE



STATE OF MISSOURI
DEPARTMENT OF CORRECTIONS
**INFORMAL RESOLUTION REQUEST**

**INSTITUTION USE ONLY**
☐ **EMERGENCY COMPLAINT**
CATEGORY: _Due Process_  DATE RECEIVED: _____
COMPLAINT NUMBER: _____

**OFFENDER SECTION - MUST COMPLETE WITH INK**

OFFENDER NAME
Clark Alan

DOC I.D. 516684

HOUSING UNIT 5C 217

STATE YOUR COMPLAINT OR PROBLEM BRIEFLY. ONLY ONE ISSUE. BE SPECIFIC.

I would like to know in writing why I was not allowed to file my grievance from the IRR that no response was give to by Medical filed on 4-24-24 which was sent down from Constituent Services Office on 6-11-24 See Attached IRR on Medical

ACTION REQUESTED - STATE THE REMEDIES YOU ARE SEEKING.

OFFENDER SIGNATURE

Duplicate of

JCCC 20 1054

Van Loo

**INSTITUTION STAFF MEMBER US**
DISCUSSION OF COMPLAINT - SUMMARI

DOC I.D.    DATE

☐ IRR RESOLVED BY DISCUSSIO
OFFENDER SIGNATURE          DOC

...VED BY DISCUSSION
I.D NUMBER    DATE

**STAFF FINDINGS - RESPONSE**

INVESTIGATING STAFF MEMBER SIGNATURE    I.D NUMBER    DATE

RESPONDENT SIGNATURE    I.D NUMBER    DATE

REVIEWER SIGNATURE    I.D NUMBER    DATE

**RESULTS:** ☐ SATISFACTORY  ☐ UNSATISFACTORY

YOU HAVE THE RIGHT TO FILE A FORMAL GRIEVANCE. YOU MUST FILE A GRIEVANCE FORM WITH THE DESIGNATED STAFF WITHIN SEVEN DAYS FROM THE DATE YOU RECEIVE THIS RESPONSE. FAILURE TO SUBMIT A GRIEVANCE WITHIN THIS TIME FRAME CONSTITUTES ABANDONMENT.

OFFENDER SIGNATURE                DOC I.D.    DATE

O 931-3376 (9-22)



DRE
7/9/24

**STATE OF MISSOURI**
**DEPARTMENT OF CORRECTIONS**
**OFFENDER GRIEVANCE**

| INSTITUTION USE ONLY |
|---|
| GRIEVANCE NUMBER: _____ |
| CATEGORY: _____ DATE FILED: _____ |

**OFFENDER SECTION - MUST COMPLETE WITH INK**

| OFFENDER NAME | DOC I.D. | HOUSING UNIT | UNIT | INSTITUTION |
|---|---|---|---|---|
| Clark  Alan | 516684 | 5 | C2n | Jcc |

**OFFENDER GRIEVANCE OR REQUEST**

See Attached IRR Complaint as grievance

Need

Complaint number.

5HU

| OFFENDER SIGNATURE | DOC I.D. | DATE |
|---|---|---|
|  |  |  |

**CAO OR DESIGNEE RESPONS**

| CHIEF ADMINISTRATIVE OFFICER OR DESIGNEE SIGNATURE | I.D NUMBER | DATE |
|---|---|---|
|  |  |  |

YOU HAVE THE RIGHT TO APPEAL THE DECISION TO A DIVISION DIRECTOR. YOU MUST FILE AN APPEAL FORM WITH THE GRIEVANCE OFFICER WITHIN SEVEN DAYS FROM THE DAY YOU RECEIVE THIS DECISION. FAILURE TO SUBMIT AN APPEAL WITHIN THIS TIME FRAME CONSTITUTES ABANDONMENT OF THE GRIEVANCE.

☐ I ACCEPT THIS DECISION   ☐ I APPEAL THIS DECISION

| OFFENDER SIGNATURE | DOC I.D. | DATE |
|---|---|---|
|  |  |  |

MO 931-3377 (9-22)

Case 2:25-cv-04018-SRB    Document 21    Filed 06/20/25    EXHIBIT Page 77 of 118



STATE OF MISSOURI
DEPARTMENT OF CORRECTIONS
**INFORMAL RESOLUTION REQUEST**

**OFFENDER SECTION - MUST COMPLETE WITH INK**

OFFENDER NAME
*Alan Clark*

DOC I.D. 516684          HOUSING UNIT 5C217

STATE YOUR COMPLAINT OR PROBLEM BRIEFLY. ONLY ONE ISSUE. BE SPECIFIC.

See Attached Sheet

ACTION REQUESTED - STATE THE REMEDIES YOU ARE SEEKING.

OFFENDER SIGNATURE                    DOC I.D.          DATE

**INSTITUTION STAFF MEMBER USE ONLY**
DISCUSSION OF COMPLAINT - SUMMARIZE THE RESULTS OF THE MEETING.

☐ IRR RESOLVED BY DISCUSSION OR WITHDRAWN      ☐ IRR NOT RESOLVED BY DISCUSSION

OFFENDER SIGNATURE | DOC I.D. | DATE | STAFF MEMBER SIGNATURE | I.D NUMBER | DATE

**STAFF FINDINGS - RESPONSE**

INVESTIGATING STAFF MEMBER SIGNATURE | I.D NUMBER | DATE | RESPONDENT SIGNATURE | I.D NUMBER | DATE

REVIEWER SIGNATURE | I.D NUMBER | DATE

RESULTS:  ☐ SATISFACTORY    ☐ UNSATISFACTORY

YOU HAVE THE RIGHT TO FILE A FORMAL GRIEVANCE. YOU MUST FILE A GRIEVANCE FORM WITH THE DESIGNATED STAFF WITHIN SEVEN DAYS FROM THE DATE YOU RECEIVE THIS RESPONSE. FAILURE TO SUBMIT A GRIEVANCE WITHIN THIS TIME FRAME CONSTITUTES ABANDONMENT.

OFFENDER SIGNATURE                    DOC I.D.          DATE

MO 931-3376 (9-22)          DISTRIBUTON: COPY - OFFENDER;    COPY - IRR FILE

# IRR ATTACHMENT
## ISSUE/COMPLAINT

I have received treatment which has not worked. I am continually treated with the same treatment that clearly is ineffective. I would like to see a specialist to treat this issue. This issue has been unresolved since July 8, 2019. This issue has spanned over two different medical providers Corizion,LLC., and Centirion with the same medical staff members issuing medical care. I have declared medical emergencies concerning this issue. I have received CDV's as a result of doing such. The Dates that treatment was prescribed with the same treatment [ 1). (7-8-2019, 7-16-2019); 2). (10-7-2019, 10-14-2019); 3). (9-2-2020, 9-10-2020); 4). (6-28-2021 thru 7-12-2021) last treatment on or about June/2023. Last two treatments included Ivermectin.

What I request is to be seen by a specialist and placed in TCU until the issue is resolved. The last time I was treated I was told by care provider that I could not receive anything other than the same drug used in the last treatments which failed to work. I was then later only given one Ivermectin pill. The treatment did not work. There are other treatment medications used to treat this issue that I would should be tried. After five (5) years of the same treatment and **TWO (2) HUNGER STRIKES** the issue is not resolved yet is proof the treatment does not work. Alternate medications used for this issue are (LINDANE; Sklice Lotion; Soolantra)

This issue is not resolved because treatment was given when it was ineffective. This is not an issue of an incurable condition. This is a case curable medical issue. In cases of an incurable conditions the only thing that can be done is to prescribe medication to aid in suffering. In this case no offender is required to or expected to serve a conviction enduring such a condition.

Five (5) years of such a condition has caused damage by scaring and discoloration stinging intense itching, not to mention mental anguish inflicted.

## RELIEF REQUESTED

1. See Specialist
2. Placed in TCU until issue resolved.
3. Alternate treatment (LINDANE; Sklice Lotion; Soolantra).
4. Skin Scrape Test performed by licensed Dr. or RNP hired by family and independent Lab test paid for by family. To prove truth of matter Medication paid for by Family.

7-31-24 ⊘



STATE OF MISSOURI
DEPARTMENT OF CORRECTIONS
**INFORMAL RESOLUTION REQUEST**

**INSTITUTION USE ONLY**
☐ **EMERGENCY COMPLAINT**
CATEGORY: _Due Process_  DATE RECEIVED: _____
COMPLAINT NUMBER: _____

## OFFENDER SECTION - MUST COMPLETE WITH INK

OFFENDER NAME
Clark Alan

DOC I.D.
.516684

HOUSING UNIT
5C 217

STATE YOUR COMPLAINT OR PROBLEM BRIEFLY. ONLY ONE ISSUE. BE SPECIFIC.

I would like to know in writing why I was not allowed to file my grievance from the IRR that no response was give to by Medical filed on 4-24-24 which was sent down from Constituent Services Office on 6-11-24 See Attached IRR on Medical

ACTION REQUESTED - STATE THE REMEDIES YOU ARE SEEKING.

OFFENDER SIGNATURE

Duplicate of

JCCC 20 1054

Van Loo

DOC I.D.          DATE

**INSTITUTION STAFF MEMBER US**
DISCUSSION OF COMPLAINT - SUMMARI

☐ IRR RESOLVED BY DISCUSSIO

OFFENDER SIGNATURE          DOC

.VED BY DISCUSSION

I.D NUMBER          DATE

**STAFF FINDINGS - RESPONSE**

INVESTIGATING STAFF MEMBER SIGNATURE | I.D NUMBER | DATE | RESPONDENT SIGNATURE | I.D NUMBER | DATE

REVIEWER SIGNATURE | I.D NUMBER | DATE | **RESULTS:** ☐ SATISFACTORY ☐ UNSATISFACTORY

YOU HAVE THE RIGHT TO FILE A FORMAL GRIEVANCE. YOU MUST FILE A GRIEVANCE FORM WITH THE DESIGNATED STAFF WITHIN SEVEN DAYS FROM THE DATE YOU RECEIVE THIS RESPONSE. FAILURE TO SUBMIT A GRIEVANCE WITHIN THIS TIME FRAME CONSTITUTES ABANDONMENT.

OFFENDER SIGNATURE          DOC I.D.          DATE

MO 931-3376 (9-22)          **DISTRIBUTON: COPY** - OFFENDER,    **COPY** - IRR FILE



STATE OF MISSOURI
DEPARTMENT OF CORRECTIONS
**OFFENDER GRIEVANCE**

DUE
7/19/24

| OFFENDER SECTION - MUST COMPLETE WITH INK | | | | |
|---|---|---|---|---|
| OFFENDER NAME Clark Alan | DOC I.D. 516684 | HOUSING UNIT 5 | UNIT C217 | INSTITUTION JCCC |

**OFFENDER GRIEVANCE OR REQUEST**

See Attached IRR Complaint as grievance

| OFFENDER SIGNATURE | DOC I.D. | DATE |
|---|---|---|

**CAO OR DESIGNEE RESPONSE**

| CHIEF ADMINISTRATIVE OFFICER OR DESIGNEE SIGNATURE | I.D NUMBER | DATE |
|---|---|---|

YOU HAVE THE RIGHT TO APPEAL THE DECISION TO A DIVISION DIRECTOR. YOU MUST FILE AN APPEAL FORM WITH THE GRIEVANCE OFFICER WITHIN SEVEN DAYS FROM THE DAY YOU RECEIVE THIS DECISION. FAILURE TO SUBMIT AN APPEAL WITHIN THIS TIME FRAME CONSTITUTES ABANDONMENT OF THE GRIEVANCE.

☐ I ACCEPT THIS DECISION    ☐ I APPEAL THIS DECISION

| OFFENDER SIGNATURE | DOC I.D. | DATE |
|---|---|---|

MO 931-3377 (9-22)

# IRR ATTACHMENT
## ISSUE/COMPLAINT

I have received treatment which has not worked. I am continually treated with the same treatment that clearly is ineffective. I would like to see a specialist to treat this issue. This issue has been unresolved since July 8, 2019. This issue has spanned over two different medical providers Corizion,LLC., and Centirion with the same medical staff members issuing medical care. I have declared medical emergencies concerning this issue. I have received CDV's as a result of doing such. The Dates that treatment was prescribed with the same treatment [ 1). (7-8-2019, 7-16-2019); 2). (10-7-2019, 10-14-2019); 3). (9-2-2020, 9-10-2020); 4). (6-28-2021 thru 7-12-2021) last treatment on or about June/2023. Last two treatments included Ivermectin.

What I request is to be seen by a specialist and placed in TCU until the issue is resolved. The last time I was treated I was told by care provider that I could not receive anything other than the same drug used in the last treatments which failed to work. I was then later only given one Ivermectin pill. The treatment did not work. There are other treatment medications used to treat this issue that I would should be tried. After five (5) years of the same treatment and **TWO (2) HUNGER STRIKES** the issue is not resolved yet is proof the treatment does not work. Alternate medications used for this issue are (LINDANE; Sklice Lotion; Soolantra)

This issue is not resolved because treatment was given when it was ineffective. This is not an issue of an incurable condition. This is a case curable medical issue. In cases of an incurable conditions the only thing that can be done is to prescribe medication to aid in suffering. In this case no offender is required to or expected to serve a conviction enduring such a condition.

Five (5) years of such a condition has caused damage by scaring and discoloration stinging intense itching, not to mention mental anguish inflicted.

## RELIEF REQUESTED

1. See Specialist
2. Placed in TCU until issue resolved.
3. Alternate treatment (LINDANE; Sklice Lotion; Soolantra).
4. Skin Scrape Test performed by licensed Dr. or RNP hired by family and independent Lab test paid for by family. To prove truth of matter Medication paid for by Family.

8-15-2024

Grievance Officer VanLoo
Jefferson Cith Corr. Cent
8200 No More Victims Rd.
Jefferson City, Mo.65101


    Mr. VanLoo
    My name is Alan Clark 516684 I have attempted to file a griv-
ance. I filef an IRR on 4-24-2024. I did not recieve a responce
in 40 days so I sent a copy to Constituent Services Office. This
complaint was sent back to this institution on 6-11-24. I later moved
to file a grievance, which was issued to me on 7-19-2024.The following
next week approximately on 7-23-2024 was called to the office and
told by a caseworker as he stated he was on the phone with you stating
you said I was not allowed to file this grievance. I then filed an
IRR on 7-31-24 asking that I be given a reason in writng as to why
I could not file my IRR Grievance Complaint against medical. On 8-15-24
I was called back into the office to be informed that you stated
do not file my IRR requesting a responce to why my grievance could
not be filed. This is a new issue eventhough it makes references
to old issues this is also an ongoing issues that has been unresoved
by medical.  I have a right to exhaust my complaint, and you are
preventing me from doing so. I would like to have from you in writing
why I can not exhaust my medical complaint.  Could you respond within
seven (7) working days to this letter addressed to.

                                        Respectfully submitted.

State of: _Missouri_                    _Alan Clark_
County of: _Cole_
The foregoing instrument was acknowledged    Alan Clark 516684
before me _15_ day of _August_ _2024_
_Renee Walker_
Your Name Here, Notary Public
My Commission Expires _July 26, 2025_    ┌─────────────────────────────┐
                                         │       RENEE WALKER          │
                                         │ NOTARY PUBLIC - NOTARY SEAL │
                                         │     STATE OF MISSOURI       │
                                         │ MY COMMISSION EXPIRES JULY 26, 2025 │
                                         │        COLE COUNTY          │
                                         │   COMMISSION #21562734      │
                                         └─────────────────────────────┘


_Renee Walker_
Notary                     _8/15/2024_
                              Date

SWORN AFFIDAVIT OF ALAN CLARK
AND DECLARATION PURSUANT TO 28 U.S.C. §1746

I Alan Clark under 28 USC §1746, declare under oath as follows:

1.

I am over eighteen (18) years of age, suffer from no impairment, and am otherwise legally competent to make this Declaration.

2.

My name is Alan Clark I am an inmate at the Jefferson City Correctional Center.

3.

On 4-24-2024 I filed an IRR complaint according to the grievance procedure of the Missouri Dep't of Corrections.

4.

I did not receive a response within the 40 day time frame so I sent a copy to Constituent Services Office which that office sent back to this institution JCCC on 6-11-2024.

5.

I requested a grievance to exhaust the grievance process under the Mo. Dep't of Corr. Grievance procedure. I was given a grievance on 7-19-24.

6.

After I filed the grievance on approximately 7-23-24 Staff told me the grievance officer told them not to allow me to file my grievance, and my complaint was returned without being filed.

EXHIBIT D-3

1

### 6.

On 7-31-24 I requested another IRR complaint because I wated staff to give me a reason by and through written resopnse as to why I would not be allowed to exhaust my medical complaint.

### 8.

On 7-14-24 during caseworker open-door I asked staff about the complaint and what was the log number on the complaint. The complaint did not have a log number and had not been entered into the system required to log IRR/Grievance complaints.

### 9.

On 7-15-24 I was called into the office and told by staff I could not file my IRR requesting a response as to why I could not file my medical complaint dated 4-24-2024. I was given My complaint back which also had my medical Complaint attachted.

### 10.

On 8-15-24 I sent Grievance Officer VanLoo requesting something in writing as to why I am not allowed to exhaust my medical complaint. I explained his actions are preventing from exhausting my complaint.

The above statements are true and based on my personal knowledge which I am competent to testify under the penalty of perjury that the foregoing is true and correct.

Executed on this the 15th day of August 2024.

State of Missouri
County of Cole
The foregoing instrument was acknowledged
before me 15 day of August 2024
Run walk
Print Name Here, Notary Public
My Commission Expires July 26, 2025

_Alan Clark_

Alan Clark 516684



RENEE WALKER
NOTARY PUBLIC - NOTARY SEAL
STATE OF MISSOURI
MY COMMISSION EXPIRES JULY 26, 2025
COLE COUNTY
COMMISSION #21562734

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | | |
|---|---|---|
| ALAN R. CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | Case No.: 2:19-cv-04231-SRB |
| EILEEN RAMEY, EARL SCOTT, | ) | |
| MASONDA WHEATLY, LELAND | ) | |
| BURTON, APLISKA, | ) | |
| | ) | |
| Defendant. | ) | |

## SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION TO ALTER AND AMEND JUDGMENT AND ORDER" (DOC. 8) AND "PLAINTIFF'S EMERGENCY MOTION TO COMPEL INDEPENDENT PHYSICAL EXAMINATION OF PLAINTIFF AND TREATMENT ALONG WITH A REPORT ON THE FINDINGS OF THE EXAMINATION PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE 35(a)" (DOC. 16)

COME NOW Defendants Earl Scott, M.D., and Masonda Wheatley, by and through their counsel J. Thaddeus Eckenrode of Eckenrode-Maupin, LLC, and respond to Plaintiff's "Motion to Alter and Amend Judgment and Order," (Doc. 8), and Plaintiff's "Emergency Motion to Compel Independent Physical Examination of Plaintiff and Treatment Along With a Report on the Findings of the Examination Pursuant to the Federal Rules of Civil Procedure 35(a)." (Doc. 16.) Defendants oppose Plaintiff's motions.

### INTRODUCTION

On December 30, 2019, Plaintiff Alan Clark filed this 42 U.S.C. § 1983 suit against Defendants alleging that they were deliberately indifferent to a scabies infestation in violation of his Eighth Amendment rights. (Doc. 1.) Plaintiff claims Dr. Earl Scott denied him medical care for scabies on three different occasions. (*Id.* at 4.) Plaintiff claims scabies caused damages to his skin and sensation in the affected areas. Plaintiff

EXHIBIT E

alleges that Masonda Wheatley attempted to cover up Dr. Scott's purported misconduct and further deny medical treatment. Plaintiff claims Defendants Dr. Scott and Wheatley violated his Eighth Amendment rights. (*Id.*). In relief, he seeks monetary damages and injunctive relief in the form of treatment at an "outside hospital." (*Id.* at 5.)

Plaintiff filed with his Complaint a motion for preliminary injunction or temporary restraining order seeking treatment for scabies. (Doc. 3.) The Court denied Plaintiff's motion. (Doc. 7.) Plaintiff filed a motion for reconsideration of the Court's denial, alleging that Defendants failed to treat Plaintiff for scabies and that he had "thousands or even millions of mites . . . underneath the surface of [his] skin." (Doc. 8, pp. 1-2.) He claimed he had scabies infection in his eyes, lungs, and ears. (*Id.* at 2.) He claimed that, on November 13, 2019, "Dr. Scott viewed the mites actually coming out of the plaintiff's skin." (*Id.* at 4-5). He later alleges, however, that he was not treated on November 13, 2019, because he was at his job. (*Id.* at 7.)

On January 17, 2020, the Court reviewed Plaintiff's Complaint and ordered Defendants to respond to Plaintiff's motion for reconsideration within ten days. (Doc. 9). Due to inadvertence, Defendants failed to respond but obtained an extension of time, through and including February 17, 2020, to do so. (Docs. 14-15.)

On February 11, 2020, Plaintiff filed his "Emergency Motion to Compel Independent Physical Examination of Plaintiff and Treatment Along With a Report on the Findings of the Examination Pursuant to the Federal Rules of Civil Procedure 35(a)." (Doc. 16.) He seeks an "independent examination" to treat his severe scabies "because the defendants failed to treat the plaintiff for scabies and fabricated false records to make it appear that the plaintiff had been treated." (*Id.* at 1.) Plaintiff alleged he had been

subjected to retaliation but failed to detail any specific acts of retaliation, nor did he allege that any defendant had retaliated against him. (*Id.*)

## MEDICAL HISTORY

### A. Scabies

Scabies is a skin infestation caused by microscopic mites. (Declaration of Earl Scott, M.D., attached hereto as Exhibit A, ¶ 6.) Signs and symptoms of scabies include itching and a rash characterized by burrow tracks or tunneling commonly found in skin folds caused by mites burrowing into the skin. Scabies is spread through prolonged skin to skin contact and contact with an infested person's clothing, bedding or towels. As with the more familiar head lice, scabies pose no significant risk to a healthy host. An average infestation is few in number, averaging ten to fifteen mites. Nonetheless, scabies are unpleasant, communicable, and can expose hosts to secondary skin infections from scratching. Scabies is generally treated with topical medications, such as Permethrin (a highly efficacious and FDA-approved medication and insecticide that can treat head lice and scabies). The medications kill the mites promptly but dead mites, if present, may cause itching for several weeks. (*Id.*).

### B. Plaintiff's Medical Treatment

Plaintiff's medical records reflect that he complained of symptoms consistent with scabies to a nurse on July 8, 2019. (Ex. A, ¶ 7.) Plaintiff reported that he felt like his skin was crawling on his scalp, arms, hands, back, groin, and upper legs. The nurse referred Plaintiff to a higher-level provider, who ordered Permethrin. (*Id.*). On July 16, 2019, Plaintiff was issued a second dose of Permethrin cream. (*Id.* ¶ 8.)

On August 5, 2019, a nurse evaluated Plaintiff upon his placement in segregation. (*Id.* ¶ 9.) Plaintiff stated that he still had scabies which were most uncomfortable on his

face and scalp. The nurse noted no lesions, burrows, or papules on Plaintiff's face or head. The nurse observed scratching on Plaintiff's forearm and antecubital area (the inside of the elbow) but no distinct burrow consistent with scabies. (*Id.*).

On August 6, 2019, Plaintiff was placed on suicide watch because he declared he was suicidal. (*Id.* ¶ 10.) He later stated he felt he had scabies and declared suicide in order to isolate himself. (*Id.*)

On August 7, 2019, Plaintiff stated that he believed he had scabies again and stated that he itched everywhere. (*Id.* ¶ 11.) Dr. Scott saw Plaintiff later that day to evaluate Plaintiff for scabies. Plaintiff reported a pruritic (itchy) rash on his shoulders and the dorsum of his right foot. Plaintiff stated he was worried because he had scabies some time ago. Upon examination, Dr. Scott noted mild tiny folliculitis (inflammation of hair follicles) on Plaintiff's shoulders and an eczematoid (dry and flaky) rash on the dorsum (top) of Plaintiff's right foot. Dr. Scott noted no symptoms of scabies, such as tunneling. Dr. Scott prescribed minocycline (an antibiotic) for folliculitis and hydrocortisone (a topical ointment to reduce swelling, redness, and itching of the skin) for Plaintiff and a follow-up in one week. Plaintiff was also removed from suicide watch on this date. (*Id.*)

Dr. Scott examined Plaintiff through a glass window in the door from approximately one foot away due to security issues. (*Id.* ¶ 12.) During the encounter through the transparent glass window in the door, Dr. Scott was able to view and examine Plaintiff's skin and develop a treatment plan based on his examination and Plaintiff's subjective complaints. (*Id.*)

On August 30, 2019, Plaintiff's hydrocortisone was renewed. (*Id.* ¶ 13.)

On October 7, 2019, a nurse saw Plaintiff for complaints of itching and burning on the face, head, shoulders, and back. (*Id.* ¶ 14.) The nurse noted signs consistent with

scabies and contacted Dr. Scott, who issued a verbal order for Permethrin. (*Id.*) On October 14, 2019, a second dose of Permethrin was issued to Plaintiff. (*Id.* ¶ 15.)

On November 13, 2019, Dr. Scott saw Plaintiff for complaints of scabies. (*Id.* ¶ 16.) Plaintiff stated they were in his ears, legs, and nose. He requested to be quarantined. Dr. Scott noted no signs of scabies, including tunnels or other signs of mites. Based on Plaintiff's reported symptoms, Dr. Scott assessed Plaintiff with a possible cutaneous mite and, out of an abundance of caution, ordered Permethrin for Plaintiff. While Dr. Scott did not observe signs of scabies, he prescribed Permethrin because Plaintiff complained of scabies and because he believed usage of Permethrin would not harm Plaintiff. Dr. Scott advised Plaintiff to return to the medical unit if his symptoms increased, changed, or persisted. Dr. Scott informed Plaintiff that itching and burning could persist for weeks (from dead mites, if present) and that, if he experienced those symptoms, the medical staff would treat them with Prednisone (a steroid). (*Id.*) Contrary to Plaintiff's allegations, Dr. Scott observed no signs of mites or scabies, nor did he falsify this medical record or any other medical record. (*Id.* ¶ 17.)

Plaintiff's medical records reflect that he has not sought medical treatment for scabies symptoms since November 13, 2019, though he has had access to medical and mental health services. (*Id.* ¶ 18.) He submitted a request to view his medical records on November 19, 2019. He was seen by a dentist on December 10, 2019. On December 20, 2019, Plaintiff submitted a request for mental health care. On December 23, 2019, a mental health provider saw Plaintiff, who stated that he wanted "to talk some things over." On December 27, 2019, a mental health provider saw Plaintiff, who stated that he had scabies and had not been properly treated. The mental health provider noted that Plaintiff appeared very anxious and possibly delusional. On February 1, 2020, Plaintiff

received a blood sugar screening. On February 4, 2020, Plaintiff underwent a tuberculosis reading for which he tested negative. (*Id.*)

Plaintiff does not require an off-site examination for scabies. (*Id.* ¶ 19.) Plaintiff has access to medical treatment at JCCC and may submit requests for care should the need arise. (*Id.*) Moreover, scabies in and of themselves are like lice – unpleasant – but do not cause any serious medical sequelae. (*Id.* ¶ 20.) As discussed above, a typical infestation represents ten to fifteen mites in total number. Plaintiff's medical records do not reflect that Plaintiff has an ongoing scabies infestation. Plaintiff will also not suffer irreparable injury from a new scabies infestation should it occur as he is able to access medical care for any scabies complaints. (*Id.*)

Dr. Scott did not deny Plaintiff necessary medical treatment for any medical concerns or symptoms, nor did he disregard or otherwise ignore any of his medical needs. (*Id.* ¶ 21.) At no time did Dr. Scott refuse to examine or treat Plaintiff. Dr. Scott relied solely on his medical judgment in responding to Plaintiff's scabies complaints. Dr. Scott did not retaliate against Plaintiff at any time. (*Id.*)

## ARGUMENT AND CITATION TO AUTHORITY

### A. Injunctive Relief

The requirements for injunctive relief in this Circuit are laid out in *Dataphase Systems, Inc. v. CL Systems, Inc.*, 640 F. 2d 109 (8th Cir. 1981), which states,

> "Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest."

*Id.* at 114.

"The question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *Id.* at 113. The burden of proof lies with the movant, Plaintiff in this case. *Goff v. Harper*, 60 F. 3d 518, 520 (8th Cir. 1995) (citation omitted). "In the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Id.* (quotations and citations omitted).

**B. Plaintiff's request for injunctive relief pertaining to his medical care should be denied.**

Plaintiff apparently seeks an off-site examination by an independent medical provider for his scabies condition. Plaintiff's motion should be denied.

It is Plaintiff's burden to demonstrate: (1) he suffered objectively serious medical needs and (2) prison officials actually knew of but deliberately disregarded those needs. *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000). Medical malpractice, inadvertent failure to provide adequate medical care, or simple negligence does not amount to a constitutional violation. *Dulany v. Carnahan*, 132 F.3d 1234, 1343 (8th Cir. 1997). "A showing of deliberate indifference is greater than gross negligence and requires more than mere disagreement with treatment decisions." *Pietrafeso v. Lawrence County, S.D.*, 452 F.3d 978, 983 (8th Cir. 2006). A mere difference of opinion between a plaintiff and his treating provider about what treatment is appropriate does not give rise to a colorable claim under § 1983. *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991). "In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact

7

by merely stating that []he did not feel []he received adequate treatment." *Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir. 2010)(quotations omitted).

In this case, Plaintiff is not seeking to maintain the status quo; rather, he is seeking to dictate the medical providers he sees and further treatment – an outside consult with for evaluation of his purported scabies condition. Accordingly, the Court should view his motion with "great caution." *See id.*

First, Plaintiff's motion should be denied because he has not shown a threat of irreparable harm. Although Plaintiff alleges he is in danger of going blind or losing his hearing as a result of "thousands or even millions of mites," (Doc. 8, pp. 1-2), these allegations are not supported by medical record, which shows that Plaintiff has access to medical care for any health concern. (*See* Exhibit A-1.) Although Plaintiff exhibited no signs of scabies at his November 13, 2019 appointment with Dr. Scott, Dr. Scott prescribed Permethrin for him to address his anxiety concerning possible mites. (Ex. A, ¶ 16.) Plaintiff has not sought medical treatment since November 13, 2019, but instead reported his symptoms to a mental health provider, who noted signs of anxiety and possible delusions. (*Id.* at 18-19.) In any event, while scabies may be unpleasant, they do not cause serious medical sequelae. (*Id.* ¶ 20.) Accordingly, Plaintiff will not suffer irreparable injury from a new scabies infestation should it occur. (*Id.*) Moreover, as explained by Dr. Scott, Plaintiff has received appropriate medical treatment for any skin complaints and has access to medical care should any additional complaints arise. (*See* Exhibit A.) The record demonstrates, therefore, that there is no threat of irreparable harm to Plaintiff if the injunction does not issue. *See Dataphase Sys.*, 640 F.2d at 113.

Second, Plaintiff's request for injunctive relief should be denied because he has very low probability of success on the merits of his claims. *See Pacheco*, 2019 WL

1290328 at *3; *D.M. by Bao Xiong*, 917 F.3d at 999; *Mid-Am. Real Estate Co.* 406 F.3d at 972. Specifically, Plaintiff will be unable to show that Defendants were deliberately indifferent to his serious medical needs. Plaintiff's medical records show that he received multiple evaluations and medications, including minocycline, hydrocortisone, and three courses of Permethrin, for his dermatological complaints. (*See* Exhibit A.) At no time does the medical record reflect that any Defendant ignored a risk of serious harm to Plaintiff. (*See* Exhibit A-1.). Plaintiff's claims are based on a disagreement with the course of his medical treatment, which fails to rise to the level of deliberate indifference. *See Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991).

Further, the relief Plaintiff seeks, including an evaluation by an off-site specialist, without consideration to the specialist's availability or the facility's ability to transport him to any off-site appointment, constitutes a significant imposition on Defendants. Finally, there is no indication any injunction will benefit the public. For all of these reasons, Plaintiff's motion for preliminary injunction should be denied.

### C. Independent Examinations

Fed. R. Civ. P. 35 provides, in relevant part:

> The court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner.

Fed. R. Civ. P. 35(a)(1).

"Although a district court, pursuant to Rule 35, may, under appropriate circumstances, order a party to submit to a physical examination at the request of an opposing party, Rule 35 does not vest the court with authority to appoint an expert to examine a party on his own motion." *Foster v. Lombardi*, No. 1:12-CV-00116-JAR, 2013 WL 3820718, at *1 (E.D. Mo. July 23, 2013) (citing *Callegari v. Lee*, No. C 08-2420

MMC (PR), 2011 WL 175927, at *7 (N.D. Cal. Jan. 19, 2011); *Smith v. Carroll*, 602 F. Supp. 2d 521, 526 (D. Del. 2009)). The district court further noted in *Foster* that "[o]btaining evidence to prove his case is Plaintiff's responsibility, not the government's." *Foster*, 2013 WL 3820718, at *1.

### D. Plaintiff's Request for an Independent Examination Should be Denied.

Plaintiff argues that, pursuant to Rule 35, he requires an independent physical examination for his purported scabies condition because Defendants have failed to treat that condition and fabricated medical records to show that he had been treated. (Doc. 16, p. 1.) Plaintiff further claims that he has been retaliated against for attempting to seek medical treatment but fails to allege specific acts of retaliation. (*Id.*)

However, as noted above, Rule 35 "does not vest the court with authority to appoint an expert to examine a party on his own motion." *Foster*, 2013 WL 3820718, at *1. Even so, as noted above, Plaintiff has access to medical care at the facility at which he resides. Thus, Plaintiff's request for an independent examination should be denied.

### CONCLUSION

For the reasons set forth in this Response, Defendants respectfully request that the Court deny Plaintiff's "Motion to Alter and Amend Judgment and Order," (Doc. 8), and Plaintiff's "Emergency Motion to Compel Independent Physical Examination of Plaintiff and Treatment Along With a Report on the Findings of the Examination Pursuant to the Federal Rules of Civil Procedure 35(a)." (Doc. 16.)

Respectfully submitted,

*/s/ J. Thaddeus Eckenrode*
J. Thaddeus Eckenrode MO Bar #31080
ECKENRODE-MAUPIN, Attorneys at Law
11477 Olde Cabin Road
St. Louis, MO 63141
(314) 726-6670 (Telephone)
(314) 726-2106 (Fax)
jte@eckenrode-law.com
*Attorney for Defendants Earl Scott, M.D.,*
*and Masonda Wheatley*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served via first class U.S. Mail, postage prepaid on this 17th day of February, 2020 to the following:

Alan R Clark
516684
Jefferson City Correctional Center
8200 No More Victims Rd
Jefferson City, MO 65101
*Pro se Plaintiff*

*/s/Libby Cozzoni*

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

```
Alan Clark            )
        Plaintiff     )
                      )
vs.                   )          case 25-CV-04018-SRB
                      )
                      )
Earl Scott et al.,    )
        Drefendants.  )
```

## MOTION FOR EXTENTION OF TIME TO PAY FILING FEE

Comes Now plaintiff Alan Clark Pro-Se, and states that
this plaintiff filed the above cause in action on 1-29-2025,
which was the second time plaintiff used the Electrinic filer
to file the suit. The first time plaintiff filed the suit was
on or about the 10th of January 2025.

Plaintiff did not receive a response until the second filing
on 1-29-2025.
This Court gave plaintiff an order in Doc.4 granting leave to
proceed in forma pauperis and directing plaintiff to pay an
initial partial filing fee of $54.53. Plaintiff request

an additional 20 days to have payment sent to this Court.

WHEREFORE, plaintiff prays this Court grant plaintiff
additional time to pay the ordered fileing fee and anything
else this Court deems just and fair.

Respectfully submitted,
Alan Clark 516684 Pro-Se
Jefferson City Corr. Cent.
8200 No More Victims Rd.
Jefferson City, Mo. 65101

| | | |
|---|---|---|
| ALAN R. CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | Case No.: 2:19-cv-04231-SRB |
| EILEEN RAMEY, EARL SCOTT, | ) | |
| MASONDA WHEATLY, LELAND | ) | |
| BURTON, APLISKA, | ) | |
| | ) | |
| Defendant. | ) | |

## DECLARATION OF DR. EARL SCOTT
## PURSUANT TO 28 U.S.C. § 1746

I, DR. EARL SCOTT, under 28 U.S.C. § 1746, declare under oath as follows:

1.

I am over eighteen (18) years of age, suffer from no impairment, and am otherwise legally competent to make this Declaration.

2.

My name is Earl Scott, M.D. I am a physician licensed to practice medicine in the State of Missouri and currently employed as a Medical Doctor at Jefferson City Correctional Center ("JCCC"). In this position, I provide medical treatment to Missouri Department of Corrections ("MoDOC") inmates housed at JCCC.

3.

The matters stated in this Declaration are based on my personal knowledge and review of the medical records of patient Alan Clark ("the patient"), pertinent portions of which are attached hereto as Exhibit "A-1." These records were made in the ordinary course of the provision of

1

EXHIBIT

EXHIBIT E-1

health care services to inmates in custody. It was the regular practice to make these records and they were made by persons with knowledge of the matters reported within a reasonable time of the events described in the records. The opinions I provide in this Declaration are given within a reasonable degree of medical certainty.

<div align="center">4.</div>

I am competent and qualified as an expert witness under FEDERAL RULE OF EVIDENCE 702 and the state law of Missouri to testify regarding the degree of skill, care, and diligence expected by members of my profession. The opinions I provide in this Declaration are given within a reasonable degree of medical certainty.

<div align="center">5.</div>

I understand the patient claims I denied him appropriate treatment for scabies, which he believes has spread to his eyes, nasal passages, and inner ear canal.

<div align="center">6.</div>

Scabies is a skin infestation caused by microscopic mites. Signs and symptoms of scabies include itching and a rash characterized by burrow tracks or tunneling commonly found in skin folds caused by mites burrowing into the skin. Scabies is spread through prolonged skin to skin contact and contact with an infested person's clothing, bedding or towels. As with the more familiar head lice, scabies pose no significant risk to a healthy host. An average infestation is few in number, averaging ten to fifteen mites. Nonetheless, scabies are unpleasant, communicable, and can expose hosts to secondary skin infections from scratching. Scabies is generally treated with topical medications, such as Permethrin (a highly efficacious and FDA-approved medication and insecticide that can treat head lice and scabies). The medications kill the mites promptly but dead mites, if present, may cause itching for several weeks. The patient has

<div align="center">2</div>

received three courses of Permethrin for his complaints of scabies.

7.

The patient's medical records reflect that he complained of symptoms consistent with scabies to a nurse on July 8, 2019. (Exhibit A-1, pp. 1-2). The patient reported that he felt like his skin was crawling on his scalp, arms, hands, back, groin, and upper legs. The nurse referred the patient to a higher-level provider, who ordered Permethrin. (*Id.*).

8.

On July 16, 2019, the patient was issued a second dose of Permethrin cream. (*Id.* at 2).

9.

On August 5, 2019, a nurse evaluated the patient upon his placement in segregation. (*Id.* at 2-4). The patient stated that he still had scabies which were most uncomfortable on his face and scalp. The nurse noted no lesions, burrows, or papules on the patient's face or head. The nurse observed scratching on the patient's forearm and antecubital area (the inside of the elbow) but no distinct burrow consistent with scabies. (*Id.*).

10.

On August 6, 2019, the patient was placed on suicide watch because he declared he was suicidal. (*Id.* at 15). He later stated he felt he had scabies and declared suicide in order to isolate himself. (*Id.* at 15-16).

11.

On August 7, 2019, the patient stated that he believed he had scabies again and stated that he itched everywhere. (*Id.* at 5-6). I saw the patient later that day to evaluate the patient for scabies. (*Id.* at 6-7). The patient reported a pruritic (itchy) rash on his shoulders and the dorsum of his right foot. The patient stated he was worried because he had scabies some time ago. Upon

3

examination, I noted mild tiny folliculitis (inflammation of hair follicles) on the patient's shoulders and an eczematoid (dry and flaky) rash on the dorsum (top) of the patient's right foot. I noted no symptoms of scabies, such as tunneling. I prescribed minocycline (an antibiotic) for folliculitis and hydrocortisone (a topical ointment to reduce swelling, redness, and itching of the skin) for the patient and a follow-up in one week. (*Id.*). The patient was also removed from suicide watch on this date. (*Id.* at 16-17).

12.

I understand the patient alleges that I "viewed the plaintiff through the glass of a door from a distance of approximately three feet away." (Doc. 8, p. 4). I examined the patient through a glass window in the door from approximately one foot away due to security issues. During the encounter through the transparent glass window in the door, I was able to view and examine the patient's skin and develop a treatment plan based on my examination and the patient's subjective complaints.

13.

On August 30, 2019, the patient's hydrocortisone was renewed. (*Id.*).

14.

On October 7, 2019, a nurse saw the patient for complaints of itching and burning on the face, head, shoulders, and back. (*Id.* at 8-9). The nurse noted signs consistent with scabies and contacted me, and I issued a verbal order for Permethrin. (*Id.* at 8-10).

15.

On October 14, 2019, a second dose of Permethrin was issued to the patient. (*Id.* at 10).

16.

On November 13, 2019, I saw the patient for complaints of scabies. (*Id.* at 11-12). The

4

patient stated they were in his ears, legs, and nose. He requested to be quarantined. I noted no signs of scabies, including tunnels or other signs of mites. Based on the patient's reported symptoms, I assessed the patient with a possible cutaneous mite and, out of an abundance of caution, ordered Permethrin for the patient. While I did not observe signs of scabies, I prescribed Permethrin because the patient complained of scabies and because I believed usage of Permethrin would not harm the patient. I informed the patient to return to the medical unit if his symptoms increased, changed, or persisted. I informed the patient that itching and burning could persist for weeks (from dead mites, if present) and that, if he experienced those symptoms, we would treat them with Prednisone (a steroid). (*Id*.).

17.

Contrary to the patient's assertions, I did not "view the mites actually coming out of the plaintiff's skin." (Doc. 8, pp. 4-5). As noted above, I observed no signs of mites or scabies. Further, I did not falsify this medical record or any other medical record.

18.

The patient's medical records reflect that he has not sought medical treatment for scabies symptoms since November 13, 2019, though he has had access to medical and mental health services. He submitted a request to view his medical records on November 19, 2019. (*Id*. at 25). He was seen by a dentist on December 10, 2019. (*Id*. at 12). On December 20, 2019, the patient submitted a request for mental health care. (*Id*. at 26). On December 23, 2019, a mental health provider saw the patient, who stated that he wanted "to talk some things over." (*Id*. at 18). On December 27, 2019, a mental health provider saw the patient, who stated that he had scabies and had not been properly treated. (*Id*. at 18-19). The mental health provider noted that the patient appeared very anxious and possibly delusional. (*Id*.). On February 1, 2020, the patient received a

5

blood sugar screening. (*Id.* at 13-14). On February 4, 2020, the patient underwent a tuberculosis reading for which he tested negative. (*Id.*).

<center>19.</center>

I understand the patient has requested an independent examination. The patient does not require an off-site examination for scabies. The patient has access to medical treatment at JCCC and may submit requests for care should the need arise.

<center>20.</center>

Moreover, scabies in and of themselves are like lice – unpleasant – but do not cause any serious medical sequelae. As discussed above, a typical infestation represents ten to fifteen mites in total number. The patient's medical records do not reflect that the patient has an ongoing scabies infestation. The patient will also not suffer irreparable injury from a new scabies infestation should it occur as he is able to access medical care for any scabies complaints.

<center>21.</center>

I did not deny the patient necessary medical treatment for any medical concerns or symptoms, nor did I disregard or otherwise ignore any of his medical needs. At no time did I refuse to examine or treat the patient. I relied solely on my medical judgment in responding to the patient's scabies complaints. I did not retaliate against the patient at any time.

<center>6</center>

The above statements are true and based upon my personal knowledge and expertise to which I am competent to testify at trial. I declare under penalty of perjury that the foregoing is true and correct.

Executed on this the ___/ 7 ___ day of February, 2020.

_____
EARL SCOTT, M.D.

7

# AFFIDAVIT OF LELAND BURTON

I, Leland Burton ("Defendant Burton"), being of lawful age and duly sworn upon my oath, do hereby certify that I have personal knowledge of the facts referenced below:

1. I am over 18 years of age and capable of making the statements contained in this affidavit.

2. I have personal knowledge of all the matters stated herein.

3. In November 2019, Plaintiff Alan Clark ("Plaintiff") was an inmate at the Jefferson City Correctional Center ("JCCC") where I worked at the time and currently work.

4. I have been employed with the Missouri Department of Corrections ("MDOC") since September 2015.

5. I am currently a Correctional Officer I at JCCC. At all times relevant to this case, I was a Correctional Officer I at JCCC.

6. My responsibilities at JCCC include observing offenders and making sure that they don't harm each other, themselves, or staff.

7. Additionally, I am tasked with ensuring that offenders don't escape, don't go into areas they're not supposed to, and make sure they follow MDOC and JCCC rules and regulations.

8. These are the same job responsibilities I had at all times relevant to this case.

9. I am currently assigned to the medical wing at JCCC and have been there for over two years.

10. My main job responsibility is controlling the offender waiting room door.

11. In my job duties at the medical wing, I control how many offenders get into the waiting room area and who goes in and goes out of the waiting room door.

12. Another correctional officer is designated as the "rover"; their job is to patrol the waiting room area and make more detailed observations than I can at my station.

13. The rover's shift is from 7:30 a.m. to 3:30 p.m.; my shift is typically from 1:00 p.m. to 9:00 p.m.

14. At various times, I must perform both the rover's duties and my regular duties at the same time.

15. On or about November 12, 2019, Plaintiff came to the medical wing to declare a medical emergency.

16. I was stationed at the medical wing that day when Plaintiff came to declare a medical emergency.

17. Plaintiff did not follow the proper protocols to declare a medical emergency, as he did not inform any officers in his housing unit or at mainline that he was declaring a medical emergency.

18. I checked with the correctional officers in housing unit two, who told me Plaintiff was supposed to be at mainline.

19. As such, Plaintiff was therefore "out of bounds" and in violation of MDOC and JCCC rules.

20. A doctor who was present at the time told Plaintiff he was not going to be seen; the doctor wrote me an Inter-Office Communication and wanted me to write a conduct violation on Plaintiff.

21. Later that day, I issued a conduct violation to Plaintiff for being out of bounds.

22. That was my only involvement in the events pertaining to this case.

**FURTHER AFFIANT SAYETH NOT.**


_Leland Bast_
_____

**AFFIANT**

SUBSCRIBED AND SWORN TO ME this 2nd day of February 202 1

_(signature)_ 2

NOTARY PUBLIC

JENNY L. WUNDERLICH
My Commission Expires
February 24, 2023
Cole County
Commission #15633511

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☒ Convicted and sentenced state prisoner

☐ Convicted and sentenced federal prisoner

☐ Other *(explain)* _____

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

SEE ATTACHED COMPLAINT

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

C.     What date and approximate time did the events giving rise to your claim(s) occur?

_SEE ATTACHED_

D.     What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

## V.     Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

## VI.     Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

**VII.** **Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.  Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

*SEE ATTACHED*

B.  Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C.  Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

*SEE ATTACHED*

D.  Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.  If you did file a grievance:

1.  Where did you file the grievance?

SEE ATTACHED

2.  What did you claim in your grievance?

3.  What was the result, if any?

4.  What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If not, explain why not.  *(Describe all efforts to appeal to the highest level of the grievance process.)*

F.      If you did not file a grievance:

    1.    If there are any reasons why you did not file a grievance, state them here:

*SEE ATTACHED*

    2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G.      Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☐ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☒ Yes

☐ No

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

    1.  Parties to the previous lawsuit
        Plaintiff(s)  *SEE ATTACHED*
        Defendant(s) _____

    2.  Court *(if federal court, name the district; if state court, name the county and State)*
        _____

    3.  Docket or index number
        _____

    4.  Name of Judge assigned to your case
        _____

    5.  Approximate date of filing lawsuit
        _____

    6.  Is the case still pending?

        ☐ Yes

        ☐ No

        If no, give the approximate date of disposition. _____

    7.  What was the result of the case? *(For example: Was the case dismissed?  Was judgment entered in your favor?  Was the case appealed?)*

        _____

C.  Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐ Yes

☐ No

D.     If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

     1.    Parties to the previous lawsuit

         Plaintiff(s)      _____

         Defendant(s)      _____

     2.    Court *(if federal court, name the district; if state court, name the county and State)*

         _____

     3.    Docket or index number

         _____

     4.    Name of Judge assigned to your case

         _____

     5.    Approximate date of filing lawsuit

         _____

     6.    Is the case still pending?

         ☐ Yes

         ☐ No

         If no, give the approximate date of disposition _____

     7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

         _____

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____

Signature of Plaintiff    _____

Printed Name of Plaintiff _____

Prison Identification #   _____

Prison Address            _____

                          _____  _____  _____
                                  *City*              *State*     *Zip Code*

### B. For Attorneys

Date of signing: _____

Signature of Attorney     _____

Printed Name of Attorney  _____

Bar Number                _____

Name of Law Firm          _____

Address                   _____

                          _____  _____  _____
                                  *City*              *State*     *Zip Code*

Telephone Number          _____

E-mail Address            _____